The State, ex rel. Lowe, Appellant, *v.* Common Pleas Court, Stark County; Rossetti, Judge, Appellee.

[Cite as State, ex rel. Lowe, v. Common Pleas Court (1977), 49 Ohio St. 2d 168.]

(No. 76-1000—Decided February 16, 1977.)

*Mr. Dennis Leroy Lowe, pro se.*

*Mr. James R. Unger,* prosecuting attorney, and *Mr. Dale T. Evans,* for appellee.

*Per Curiam.* R. C. 2953.21 governing post-conviction relief proceedings establishes a chronology to be followed. R. C. 2953.21(C) sets out considerations to be used by the court in determining whether there are substantive grounds for relief to justify a hearing. Absent a dismissal by the court under subdivision (C), with attendant findings of fact and conclusions of law, a responsive pleading time-table is contained in subdivision (D) of the statute. R. C. 2953.21(D) affords flexibility in the statutory time for responsive pleading, for good cause shown, and, further, provides that either party may move for summary judg-

ment "[w]ithin twenty days from the date the issues are made up." Subdivision (E) of the statute then requires a prompt hearing, "[u]nless the petition and the files and records of the case show the petitioner is not entitled to relief * * *."

R. C. 2953.21 sets out no precise timetable for determinations or hearings. Given the allowance of the time for pleading provided by this statute, the approximate one and one-half month interval herein between the filing of a petition for post-conviction relief in the trial court and the filing of the mandamus action below does not represent a sufficient passage of time necessary to support the issuance of a writ of mandamus.

For reason of the foregoing, the judgment of the Court of Appeals, denying the writ, is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.