THE STATE OF OHIO, APPELLANT, *v.* HERRING, APPELLEE.

(No. 11710—Decided June 5, 1984.)

*Lynn Slaby,* prosecuting attorney, for appellant.

*Saundra J. Robinson,* for appellee.

*Per Curiam.* The state appeals the order of the trial court granting defendant Samuel J. Herring's motion to change venue. We vacate and remand.

A decision to change venue is within the trial court's discretion. *State* v. *Swiger* (1966), 5 Ohio St. 2d 151, 164 [34 O.O.2d 270]. An appellate court will not reverse such a decision absent a clear showing that the court abused its discretion.

Here, the trial court granted Herring's motion to change venue without first attempting to seat a jury. In *State* v. *Bayless* (1976), 48 Ohio St. 2d 73, 98 [2 O.O.3d 249], the Ohio Supreme Court stated:

"* * * In general, * * * a careful and searching *voir dire* provides the best test of whether prejudicial pretrial publicity has prevented obtaining a fair and impartial jury from the locality. * * *"

We note the record only consists of an affidavit by the defendant himself, and copies of five newspaper articles attached to the motion. The defense offered no witnesses, but made a statement in support of the motion in which television and additional newspaper coverage were mentioned.

This case is factually distinguishable from *Rideau* v. *Louisiana* (1963), 373 U.S. 723, in that it does not involve the death penalty nor any telecast, newspaper or other account of statements or confessions of the defendant. Clearly, the instant record is insufficient to demonstrate that the pretrial publicity was so pervasive and prejudicial as to warrant a finding that a fair trial is not probable in this jurisdiction.

In the absence of a clear and manifest showing by the defendant that pretrial publicity was so pervasive and prejudicial that an attempt to seat a jury would be a vain act, we hold that in the interest of judicial economy, convenience, and expense to the taxpayer, that a good faith effort should be made to impanel a jury in this locality.

Accordingly, this court vacates the order of the trial court granting Herring's motion to change venue. The case

is remanded for further proceedings consistent with the law and this opinion.

*Judgment vacated and case remanded.*

MAHONEY, P.J., QUILLIN and GEORGE, JJ., concur.