THE STATE, EX REL. PIERCE, APPELLANT, *v.* COURT OF COMMON PLEAS, STARK COUNTY, APPELLEE.

[Cite as State, ex rel. Pierce, *v.* Court of Common Pleas (1986), 25 Ohio St. 3d 27.]

(No. 85-1909—Decided July 9, 1986.)

Homer C. Pierce, Jr., pro se.

Robert D. Horowitz, prosecuting attorney, and Alicia Wyler, for appellee.

Per Curiam. Appellant claims the right to counsel in his postconviction proceedings. He also seeks an order compelling final disposition of such proceeding.

Appellant has not specified the nature of the errors recited in the postconviction petition. It is therefore not clear whether he asserted matters which would be outside the record of the underlying criminal proceeding so as to even necessitate an evidentiary hearing of the postconviction proceeding, much less entitle him to counsel in such proceeding. Cf. State v. Smith (1967), 12 Ohio St. 2d 7 [41 O.O.2d 32]; and State v. Welch (1971), 28 Ohio St. 2d 31 [57 O.O.2d 103].

State, ex rel. Lowe, v. Common Pleas Court (1977), 49 Ohio St. 2d 168, 169 [3 O.O.3d 215], notes the absence of any "* * * precise time table for determinations or hearings" relative to postconviction proceedings under R.C. 2953.21. Lowe involved a one and one-half-month delay between the filing of the postconviction action and the filing of the mandamus action. In State, ex rel. Turpin, v. Court of Common Pleas (1966), 8 Ohio St. 2d 1 [37 O.O.2d 40], however, a twelve-month delay was considered excessive. Here, as late as October 1985 — the month the mandamus action was filed — the appellee was still attempting to render some accommodation to appellant's request for counsel by contacting the Ohio Public Defender's Of-

fice. These circumstances do not support issuance of a writ of mandamus after a passage of four months from postconviction filing to mandamus filing in the court of appeals.

By reason of the foregoing, the judgment of the court of appeals, denying the writ of mandamus, is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.