The STATE of Ohio, Appellee,

v.

POTTER, Appellant.

[Cite as *State v. Potter* (1989), 64 Ohio App.3d 549.]

Court of Appeals of Ohio,
Henry County.

No. 7–88–3.

Decided Sept. 25, 1989.

550

*R. Kelly Ormsby III*, Prosecuting Attorney, for appellee.

*Cobau & Lublin* and *Charles Cobau, Jr.*, for appellant.

THOMAS F. BRYANT, Judge.

This is an appeal by the defendant, Henry Potter, from a judgment of the Court of Common Pleas of Henry County denying defendant's amended second petition for post-conviction relief.

■ Defendant-appellant asserts as his first assignment of error:

"The trial court erred in dismissing the defendant's second amended petition for post-conviction relief without holding a hearing and making findings of fact and conclusions of law as required by Ohio Revised Code Section 2953.02."

R.C. 2953.02 addresses the review of judgments in a criminal case. However, we will assume as indicated in appellant's reply brief that appellant intended to direct our attention to Ohio's post-conviction remedies section 2953.21, petition to vacate or set aside sentence.

R.C. 2953.21 states in pertinent part:

"(C) Before granting a hearing, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition and supporting affidavits, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.

" * * *

"(E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues, hold the hearing, and make and file written findings of fact and conclusions of law upon entering judgment."

"This statutory scheme requires the trial court to consider the allegations of the petition and the particular facts of a petitioner's case; if, upon such consideration, the trial court finds no grounds for a hearing the court is required to make and file findings of fact and conclusions of law as to the reasons for dismissal and as to the grounds for relief relied upon in the petition." *State v. Lester* (1975), 41 Ohio St.2d 51, 55, 70 O.O.2d 150, 152, 322 N.E.2d 656, 659.

" ' * * * The obvious reasons for requiring findings are " * * * to apprise petitioner of the grounds for the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause." *Jones v. State* (1966), 8 Ohio St.2d 21, 22 [37 O.O.2d 357, 357, 222 N.E.2d 313, 314]. The exercise of findings and conclusions are [*sic*] essential in order to prosecute an appeal. Without them, a petitioner knows no more than [that] he lost and hence is effectively precluded from making a reasoned appeal. In addition, the failure of a trial judge to make the requisite findings prevents any meaningful judicial review, for it is the findings and the conclusions which an appellate court reviews for error.' " *State, ex rel. Carrion, v. Harris* (1988), 40 Ohio St.3d 19, 530 N.E.2d 1330, 1330–1331.

R.C. 2953.21(C) requires the trial court to determine whether there are substantive grounds for relief before proceeding to a hearing. Once the trial court determines there are insufficient grounds for relief and makes findings

of fact and conclusions of law, it has complied with the statutory requirements of R.C. 2953.21 and may dismiss the petition without proceeding to a hearing.

Applying *Carrion* and *Lester* and the requirements of R.C. 2953.21(C) to the case before us, we find that Judge Franklin's judgment entered on May 12, 1988 is a sufficient statement of findings of fact and conclusions of law as to the reasons for dismissal of appellant's petition. See *State, ex rel. Woodfork, v. Rumer* (Apr. 12, 1989), Allen App. No. 1–88–13, unreported, 1989 WL 36563.

Appellant's first assignment of error is not well taken and is overruled.

Defendant-appellant asserts as his second assignment of error:

"The trial court improvidently granted a change of venue from Paulding County to Henry County thereby depriving the defendant of a trial by a jury of his peers as secured to him by the 6th Amendment to the United States Constitution."

Appellant expanded the thrust of his second assignment of error in his reply brief, stating that the trial court improvidently granted a change of venue from Paulding County to Henry County, thereby depriving appellant of a trial by a jury of his peers in the county where the crime is alleged to have been committed, consequently prejudicing appellant and violating his rights to due process and equal protection of the laws, as secured to him by Section 10, Article I of the Ohio Constitution and by the Sixth and Fourteenth Amendments to the United States Constitution.

Section 10, Article I of the Ohio Constitution states in pertinent part:

"In any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witnesses face to face, and to have compulsory process to procure the attendance of witnesses in his behalf, and a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed * * *."

The Sixth Amendment to the United States Constitution provides that:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense."

The Fourteenth Amendment to the United States Constitution states in pertinent part:

"No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

Crim.R. 18 provides guidelines for venue and change of venue in a criminal case:

"(B) Change of Venue; Procedure Upon Change of Venue. Upon the motion of any party or upon its own motion the court may transfer an action to any court having jurisdiction of the subject matter outside the county in which trial would otherwise be held, when it appears that a fair and impartial trial cannot be held in the court in which the action is pending."

R.C. 2901.12(J) supports Crim.R. 18, stating:

"Notwithstanding any other requirement for the place of trial, venue may be changed upon motion of the prosecution, the defense, or the court, to any court having jurisdiction of the subject matter outside the county in which trial would otherwise be held, when it appears * * * that trial should be held in another jurisdiction for the convenience of the parties and in the interests of justice."

Appellant claims that the trial court's granting appellant's motion for change of venue was improvident and deprived him of a trial by jury of his peers in the county where the crime was committed and that the granting of the motion prejudiced him and violated his constitutional rights as previously outlined.

Appellant relies on *State v. Herring* (1984), 21 Ohio App.3d 18, 21 OBR 19, 486 N.E.2d 119, and claims that the trial court was required to make a good faith effort to impanel a jury before the trial court granted the motion for change of venue.

This is not the holding in *Herring* or the law by statute or Criminal Rule in Ohio. *Herring, supra,* at 18, 21 OBR at 19, 486 N.E.2d at 119, states, *"[i]n the absence of a clear and manifest showing* by the defendant that pretrial publicity was so pervasive and prejudicial *that an attempt to seat a jury would be a vain act,* we hold that in the interest of judicial economy, convenience, and expense to the taxpayer, that a *good faith effort should be made to impanel a jury in this locality."* (Emphasis added.)

The trial court upon review of the material presented by appellant in support of his motion for change of venue found that he had made a clear and manifest showing that pretrial publicity was so pervasive and prejudicial that an attempt to seat a jury would be a vain act. While the best test of prejudice in the community may be the examination of jurors on the voir dire, it is

certainly not required by case law, statute, or rule. The determination of a change of venue lies within the sound discretion of the trial court and unless upon review there is found to be an abuse of discretion the decision will not be reversed. *State v. Tannyhill* (1956), 101 Ohio App. 466, 468–469, 1 O.O.2d 390, 391–392, 140 N.E.2d 332, 333–334.

The fundamental right being protected here is the appellant's constitutional right to a fair and impartial trial by jury, and if it appears to the court through motion by one of the parties or upon its own motion "that a fair and impartial trial can not be had in the county where a case is pending, such court shall order the accused tried in another county." *Tannyhill, supra,* at 467, 1 O.O.2d at 391, 140 N.E.2d 'at 333.

"[I]t is fundamental rights which the Fourteenth Amendment safeguards and not the mere forum which a State may see proper to designate for the enforcement and protection of such rights. * * * It is not * * * the mere tribunal into which a person is authorized to proceed by a State which determines whether the equal protection of the law has been afforded, but whether in the tribunals which the State has provided equal laws prevail.

"It follows that the mere direction of the state law that a cause under given circumstances shall be tried in one forum instead of another, or may be transferred when brought from one forum to another, can have no tendency to violate the guaranty of the equal protection of the laws where in both the forums equality of law governs and equality of administration prevails." *Cincinnati St. Ry. Co. v. Snell* (1904), 193 U.S. 30, 36–37, 24 S.Ct. 319, 321–322, 48 L.Ed. 604. See, also, *Am. Motorists Ins. Co. v. Starnes* (1976), 425 U.S. 637, 646–647, 96 S.Ct. 1800, 1805–1806, 48 L.Ed.2d 263 (Burger, C.J., and Rehnquist, J., concurring).

◼ Appellant's trial in Henry County was conducted under the same laws and administrative procedure as it would have been had the trial been held in Paulding County. Appellant's constitutional right to equal protection of the laws has not been violated.

◼ The Sixth Amendment to the United States Constitution is made applicable to the states through the Fourteenth Amendment. However, "[t]he Fourteenth Amendment does not enlarge the privileges or immunities of a citizen of the United States, but furnishes a guaranty for existing privileges and immunities and prohibits the State from abridging them * * *." *Cincinnati St. Ry. Co., supra,* 193 U.S. at 32, 48 L.Ed at 605. The Sixth Amendment to the United States Constitution guarantees the appellant a right to a fair and impartial trial. In order to accomplish this "[t]he States may regulate trials [in their own courts] in their own way." *Cincinnati St. Ry. Co., supra,*

at 32, 48 L.Ed. at 606. This right was not violated but preserved by the lower court's granting of appellant's motion for change of venue.

Appellant in support of his assignment of error alleges that he was not advised of the application for change of venue, that his signature was forged on the affidavit in support, that his new counsel was ineffective in failing to seek a writ of prohibition contesting the change of venue to Henry County and finally that his appellate counsel in earlier proceedings was ineffective in failing to timely raise the matter of counsel's effectiveness.

Appellant's allegations of counsel's effectiveness were properly dealt with by the trial court. Appellant's allegations of not being properly informed of the application for change of venue and that his signature was forged on the affidavit in support was not presented to the trial court and cannot be argued on appeal. However, in deciding appellant's second petition for post-conviction relief, the trial court found that the appellant did in fact sign his affidavit in support of his motion for a change of venue before a notary public. Furthermore, whether appellant was informed of the change of venue motion or his signature was forged on the affidavit in support is irrelevant since the court can move for change of venue *sua sponte* and there is no requirement that defendant consent in writing.

We find no abuse of discretion on the part of the trial court in its granting of the motion for change of venue. Further, we find that appellant's constitutional rights were protected, not violated, by the lower court's decision to grant the motion for change of venue.

Appellant's second assignment of error is not well taken and is overruled.

For the reasons stated above and upon the authorities cited and discussed, the judgment of the Common Pleas Court of Henry County is affirmed.

*Judgment affirmed.*

EVANS, P.J., and SHAW, J., concur.