OPINION
Eddie Jones appeals from a judgment entered in the Auglaize County Court of Common Pleas denying his petition for post-conviction relief on the State's motion for summary judgment.
On December 5, 1997 Eddie Jones was sentenced upon his conviction entered on a jury verdict for committing two counts of Gross Sexual Imposition in violation of R.C. 2907.05(A)(4). On July 22, 1998 we affirmed Jones' conviction and sentence on a direct appeal. State v. Jones (July 22, 1998), Auglaize App. No. 2-98-1, unreported. On August 17, 1998, Jones filed, pro se, a "Petition to vacate or set aside sentence . . . pursuant to R.C.2953.21."
Jones claimed in his petition that he was afforded ineffective assistance of counsel because his trial attorney failed to properly investigate and prepare for trial. In response to Jones' petition, the State filed a motion for summary judgment on September 3, 1998. On November 18, 1998, the trial court denied Jones' petition without conducting a hearing and issued a one-page judgment entry, the body of which follows:
 The State has on September 3, 1998 filed a Motion for Summary Judgment on Petition for Post Relief. [sic] The Court now takes said motion into consideration.
 Upon review of the record, the pleadings and the case law, the court finds that the Defendant has failed to show such deficiency in the conduct of the petitioner's trial counsel which rise
[sic] to the level of ineffective assistance of counsel. Accordingly, a hearing on this matter is not necessary, as the State is entitled to summary judgment on the instant petition.
 Accordingly, the Petition for Post Relief Conviction [sic] is hereby DENIED.
(J.E. 11-18-98). Jones appeals from this judgment.
 I.
Jones' assignment of error that states:
 The trial court erred to Appellant's prejudice by granting summary judgment in favor of the State and denying him an evidentiary hearing.
Jones' assignment of error actually claims the trial court erred in two respects. First, by granting the State's motion for summary judgment and second by not conducting a hearing.
The post-conviction relief statute provides in part:
 (A)(1) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
* * *
 (4) A petitioner shall state in the original or amended petition filed under division (A) of this section all grounds for relief claimed by the petitioner. Except as provided in section 2953.23
of the Revised Code, any ground for relief that is not so stated in the petition is waived.
* * *
 (C) * * * Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. The court reporter's transcript, if ordered and certified by the court, shall be taxed as court costs. If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.
 (D) Within ten days after the docketing of the petition, or within any further time that the court may fix for good cause shown, the prosecuting attorney shall respond by answer or motion. Within twenty days from the date the issues are made up, either party may move for summary judgment. The right to summary judgment shall appear on the face of the record.
 (E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues * * *
* * *
 (G) If the court does not find grounds for granting relief, it shall make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition. * * *.
R.C. § 2953.21 (emphasis added).
It is apparent from the statute, that a hearing "is not automatically required" "for every post-conviction relief petition." State v. Jackson (1980), 64 Ohio St.2d 107, 110,413 N.E.2d 819, 822. A trial court, pursuant to division (C) of R.C. § 2953.21, may dismiss a petition if the court determines that insufficient operative facts are alleged in the petition to warrant a hearing. Id. However, if a court dismisses a petition for lack of sufficient operative facts alleged, the trial court must make "a sufficient statement of findings of fact and conclusions of law as to the reasons for dismissal." State v.Potter (1989), 64 Ohio App.3d 549, 552, 582 N.E.2d 30, 31.
Furthermore, even if the trial court determines that a petition alleges sufficient operative facts to move forward towards a hearing, the State or petitioner may nonetheless move for summary judgment pursuant to division (D) of R.C. § 2953.21
and Civ.R. 56. State v. Milanovich (1975), 42 Ohio St.2d 46,50-52, 325 N.E.2d 540; accord, State v. Jackson (1980),64 Ohio St. 2d at 115, 413 N.E.2d at 825, (J. Wm. Brown, dissenting). Awarding summary judgment to either movant would also preclude an evidentiary hearing. Therefore, Jones' contention that the trial court erred in not granting an evidentiary hearing is necessarily contingent on whether the trial court properly awarded summary judgment to the State.
The Ohio Supreme Court has stated that "R.C. § 2953.21 . . . establishes a chronology to be followed" when considering a petition for post-conviction relief. State, ex rel. Lowe v. CommonPleas Court (1977), 49 Ohio St.2d 168, 359 N.E.2d 1375. First, the trial court must consider R.C. § 2953.21(C) and determine whether the petition should be dismissed because it lacks "substantive grounds for relief to justify a hearing." State, exrel. Lowe, 49 Ohio St.2d at 168, 359 N.E.2d at 1375. Next, "[a]bsent a dismissal by the court under subdivision (C), with attendant findings of fact and conclusions of law, a responsive pleading time-table is contained in subdivision (D) of the statute." Id. In Lowe, the court affirmed an appellate court's denial of a writ of mandamus because the petitioner filed the writ prematurely, without regard to the "flexibility in the statutory time [allowed by division (D)] for responsive pleading." Id.
Division (D) of the post-conviction relief statute presently provides:
 Within ten days after the docketing of the petition, or within any further time that the court may fix for good cause shown, the prosecuting attorney shall respond by answer or motion. Within twenty days from the date the issues are made up, either party may move for summary judgment. The right to summary judgment shall appear on the face of the record.
R.C. § 2953.21(D) (emphasis added).
While division (D) of the post-conviction relief statute may allow for flexibility in the timing of certain pleadings, that provision clearly anticipates motions for summary judgment will be filed only after the "issues are made up" in the case. R.C. §2953.21(D). Furthermore, as is clear from Lowe, a post-conviction matter proceeds to a stage in the proceedings where summary judgment may lie only if the trial court has determined that sufficient operative facts were alleged in the petition to warrant relief. Lowe, supra. Therefore, ruling on a motion for summary judgment in a post-conviction proceeding is premature if enteredbefore the court determines whether the petition should be dismissed pursuant to R.C. § 2953.21(C). Id.
Here, the trial court stated it dismissed the petition "as the State is entitled to summary judgment." (J.E. 11-18-98). While the State did file a motion for summary judgment, that filing was the only pleading it filed in this case. Filing no responsive pleadings prior to moving for summary judgment clearly does not assist the trial court in determining what "issues are made up" pursuant to R.C. § 2953.21(D) unless the motion defines the issues and undisputed facts. Milanovich, supra; and Lowe,supra. Nevertheless, if a motion for summary judgment in a post-conviction proceeding identifies the issues and directs the trial court to those undisputed material facts in the record that entitle the movant to judgment as a matter of law, such a request could be properly granted unless the party opposing the motion demonstrates the existence of one or more legitimate issues of material fact.
Though post-conviction relief is a statutory proceeding, the procedure to be followed when considering a motion for summary judgment filed in such a proceeding is governed by Civ.R. 56.Milanovich, supra. Pursuant to Ohio Civ.R. 56(C), summary judgment shall not be granted unless a moving party establishes: 1) that there is no genuine issue as to any material fact; 2) the moving party is entitled to judgment as a matter of law; 3) that reasonable minds can come to but one conclusion and, viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. Bostic v. Connor
(1988), 37 Ohio St.3d 144, 524 N.E.2d 881. Further,
 a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ. R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied."
Dresher v. Burt (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264,274 (emphasis added); see also, Kulch v. Structural Fibers, Inc.
(1997), 78 Ohio St.3d 134, 145, 677 N.E.2d 308, 317, recons.denied, 79 Ohio St.3d 1422, 680 N.E.2d 158.
Here, the State's motion for summary judgment referred generally to the "[p]etitioner's request, the files, and the records" and argued that such records and documents "provide no support" to the petitioner's claim that his trial counsel was ineffective. (State's motion filed 9-3-98). Clearly, the State's motion for summary judgment made only a "conclusory assertion that the nonmoving party has no evidence to prove its case."Dresher, supra at 293. Therefore, because the State's motion for summary judgment failed to identify any portions of the record that demonstrate the lack of a genuine issue of material fact, the trial court erred when it granted the motion. Id.
Further, even if the State's motion for summary judgment should be considered as a motion to dismiss Jones' petition, the trial court's judgment entry is insufficient to support such dismissal. As noted, to dismiss a petition for post-conviction relief without conducting a hearing, the trial court must make "a sufficient statement of findings of fact and conclusions of law as to the reasons for dismissal." Potter, 64 Ohio App.3d at 552,582 N.E.2d at 31; see also, R.C. § 2953.21(C).
Here, the trial court's entry denying Jones' petition merely states the conclusion that "Defendant has failed to show such deficiency in the conduct of the petitioner's trial counsel which rise [sic] to the level of ineffective assistance of counsel." (J.E. 11-18-98). This conclusion is insufficient to permit our review of the findings of fact and conclusions of law the court must have considered when it denied Jones' petition. State v.Clemmons (1989), 58 Ohio App.3d 45, 568 N.E.2d 705; see e.g.,State ex rel. Carrion v. Harris (1988), 40 Ohio St.3d 19,530 N.E.2d 1330; and State v. Mapson (1982), 1 Ohio St.3d 217,438 N.E.2d 910 (holding a dismissal of a petition for post-conviction relief pursuant to R.C. § 2953.21(C) without findings of fact and conclusions of law is an incomplete judgment and does not commence the running of the time to file an appeal therefrom).
Mapson also noted that
 The existence of findings and conclusions are essential in order to prosecute an appeal. Without them, a petitioner knows no more than he lost and hence is effectively precluded from making a reasoned appeal. In addition, the failure of a trial judge to make the requisite findings prevents any meaningful judicial review, for it is the findings and conclusions which an appellate court reviews for error.
Mapson, supra at 219; see also, State v. Keith (Aug. 19, 1998), Crawford App. No. 3-98-05, unreported.
Nevertheless, because the trial court was presented with an insufficient basis upon which to grant summary judgment to the State, its entry of summary judgment and dismissal of Jones' petition was in error. Jones' assignment of error as it relates to the trial court's summary judgment ruling is sustained. Whether the trial court erred when not granting Jones a hearing on his petition is an issue not yet ripe for review. This matter is reversed and remanded for further proceedings.
Judgment reversed and cause remanded.
 HADLEY and SHAW, JJ., concur.