THE STATE EX REL. FAIN, APPELLANT, *v.* SUMMIT COUNTY
ADULT PROBATION DEPARTMENT, APPELLEE.

[Cite as *State ex rel. Fain v. Summit Cty. Adult
Probation Dept.* (1995), 71 Ohio St.3d 658.]

(No. 94–2533—Submitted February 21, 1995—Decided April 5, 1995.)

*Hayward L. Fain, pro se.*

*Donna J. Carr,* Summit County Prosecuting Attorney, and *James W. Armstrong,* Assistant Prosecuting Attorney, for appellee.

*Per Curiam.* In order to be entitled to a writ of mandamus, a relator has the burden of establishing that he has a clear legal right to the relief prayed for, that respondent has a clear legal duty to perform the requested act, and that relator has no plain and adequate remedy at law. *State ex rel. Howard v. Ferreri* (1994), 70 Ohio St.3d 587, 589, 639 N.E.2d 1189, 1192. In determining whether a complaint states a claim upon which relief can be granted, all factual allegations of the complaint must be presumed to be true and all reasonable inferences must

be made in favor of the nonmoving party. *Perez v. Cleveland* (1993), 66 Ohio St.3d 397, 399, 613 N.E.2d 199, 200. In addition, in order to dismiss a complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts warranting relief. *Id.; O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus.

Nevertheless, in similar cases, we have held that unsupported conclusions of a complaint are not considered admitted and are not sufficient to withstand a motion to dismiss. See, *e.g., State ex rel. Hickman v. Capots* (1989), 45 Ohio St.3d 324, 544 N.E.2d 639 (inmate required to plead specific facts on claimed exception to general rule concerning parole revocation to avoid dismissal of complaint for writ of mandamus); *State ex rel. Seikbert v. Wilkinson* (1994), 69 Ohio St.3d 489, 633 N.E.2d 1128 (inmate required to plead specific facts as to right to release from prison to withstand dismissal of complaint for writ of mandamus); *State ex rel. Carter v. Wilkinson* (1994), 70 Ohio St.3d 65, 637 N.E.2d 1 (inmate required to plead specific facts as to right to declaration of an overcrowding emergency in the state prison system to prevent dismissal of complaint for writ of mandamus).

Although appellant's pleading contained the conclusory statement that "[appellee] has the clear legal duty and responsibility under the law, to provide the aforementioned corrected information within a reasonable length of time," the only support he gives for this statement is his citation of R.C. Chapter 5120. However, R.C. Chapter 5120 pertains only to duties imposed on the Department of Rehabilitation and Correction, not county probation departments like appellee. See *State ex rel. Yeager v. Cuyahoga Cty. Adult Probation Dept.* (Dec. 16, 1994), Cuyahoga App. No. 67398, unreported, 1994 WL 716332, where the Court of Appeals for Cuyahoga County similarly held, in denying a writ of mandamus to compel a county probation department to correct a postsentence investigation report, that relator failed to set forth any authority establishing a clear legal duty on the part of respondent to correct the report. Further, we have held that parole candidates like appellant possess no due process right to have errors expunged from records used by the Adult Parole Authority in its parole determination. *State ex rel. Hattie v. Goldhardt* (1994), 69 Ohio St.3d 123, 630 N.E.2d 696 (no due process right to correct an allegedly inaccurate risk assessment scoresheet).

Based on the foregoing, appellant's unsupported conclusion that appellee possessed a clear legal duty to correct its presentence investigation report and other unspecified records was insufficient to withstand appellee's dismissal motion. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

660

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK, J., not participating.