[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 33.]

THE STATE EX REL. DEHLER, APPELLANT, *v.* SUTULA, JUDGE, APPELLEE.

[Cite as *State ex rel. Dehler v. Sutula*, 1995-Ohio-268.]

*Mandamus action to compel judge to recuse herself from postconviction proceeding dismissed, when.*

(No. 95-865—Submitted September 12, 1995—Decided November 15, 1995.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 68441.

———————————

{¶ 1} On May 17, 1993, the Cuyahoga County Court of Common Pleas convicted relator, Lambert Dehler, on five counts of felonious sexual penetration and thirteen counts of gross sexual imposition. Dehler's conviction was subsequently affirmed on appeal. *State v. Dehler* (July 14, 1994), Cuyahoga App. No. 65716, unreported, appeal dismissed (1994), 71 Ohio St.3d 1412, 641 N.E.2d 1110.

{¶ 2} On March 25, 1994, Dehler filed a petition for postconviction relief in the common pleas court. Dehler also requested that respondent, Judge Kathleen A. Sutula, recuse herself from ruling on the postconviction relief petition. An affidavit of disqualification filed on April 5, 1994 by Dehler was denied on April 8, 1994. A subsequent request for reconsideration was also denied. On April 20, 1994, Dehler filed an "answer" to a motion to dismiss the postconviction relief petition and renewed his request that Judge Sutula recuse herself. On June 30, 1994, Dehler requested that Judge Sutula issue findings of fact and conclusions of law on his petition for postconviction relief.

{¶ 3} On January 23, 1995, Dehler instituted an action in the Court of Appeals for Cuyahoga County for a writ of mandamus compelling Judge Sutula to recuse herself from the postconviction proceeding. The court of appeals granted Judge Sutula's Civ.R. 12(B)(6) motion and dismissed the complaint.

**{¶ 4}** The cause is now before this court upon an appeal as of right.

————————————

*Lambert Dehler, pro se*.

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, *Gregory B. Rowinski* and *John W. Monroe*, Assistant Prosecuting Attorneys, for appellee.

————————————

**Per Curiam.**

**{¶ 5}** In order to dismiss a complaint under Civ.R. 12(B)(6), failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint, after all factual allegations are presumed true and all reasonable inferences are made in favor of the relator/plaintiff, that the relator/plaintiff can prove no set of facts warranting relief. *State ex rel. Williams Ford Sales, Inc. v. Connor* (1995), 72 Ohio St.3d 111, 113, 647 N.E.2d 804, 806. In order to be entitled to a writ of mandamus, Dehler had the burden to establish a clear legal right to the requested acts, a corresponding clear legal duty on the part of Judge Sutula to perform those acts, and the absence of a plain and adequate remedy in the ordinary course of law. *State ex rel. Seikbert v. Wilkinson* (1994), 69 Ohio St.3d 489, 490, 633 N.E.2d 1128, 1129.

**{¶ 6}** Although Dehler set forth a claim in the court of appeals for a writ of mandamus to compel Judge Sutula to recuse herself, he does not contend on appeal that the court of appeals erred in dismissing the claim on the basis that R.C. 2701.03 provided an adequate legal remedy, which Dehler used, to raise his allegations of bias and seek Judge Sutula's disqualification. See, also, *State ex rel. Nichols v. Cuyahoga Cty. Bd. of Mental Retardation & Dev. Disabilities* (1995), 72 Ohio St.3d 205, 209, 648 N.E.2d 823, 827, quoting *State ex rel. Inland Properties Co. v. Court of Appeals of the Eighth Appellate Dist. of Ohio* (1949), 151 Ohio St. 174, 176, 39 O.O. 15, 16, 84 N.E.2d 922, 923 ("'Where a plain and adequate remedy at law has

been unsuccessfully invoked, the extraordinary writ of mandamus will not lie either to relitigate the same question or as a substitute for appeal.'''").

{¶ 7} Instead, Dehler asserts in his sole proposition of law that mandamus will lie to compel a court to rule on a postconviction relief petition then pending before it for ten months. A writ of mandamus or procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas* (1995), 72 Ohio St.3d 461, 462, 650 N.E.2d 899, 900; *State ex rel. Ferrell v. Clark* (1984), 13 Ohio St.3d 3, 13 OBR 378, 469 N.E.2d 843, 844. Although mandamus will lie in cases of a court's undue delay in entering judgment, procedendo is more appropriate, since "[a]n inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy." *State ex rel. Levin v. Sheffield Lake* (1994), 70 Ohio St.3d 104, 110, 637 N.E.2d 319, 324; see, also, *State ex rel. Greater Cleveland Regional Transit Auth. v. Griffin* (1991), 62 Ohio App.3d 516, 520, 576 N.E.2d 825, 828.

{¶ 8} As to Dehler's claimed entitlement to a writ of mandamus, he relies on *State ex rel. Turpin v. Court of Common Pleas* (1966), 8 Ohio St.2d 1, 37 O.O.2d 40, 220 N.E.2d 670, where we allowed a writ of mandamus to compel a court to rule on a postconviction relief petition where it had been pending for twelve months. In so holding, we noted that "prompt action on such petitions should be taken" and that the twelve-month delay therein was excessive. *Id.* at 2, 37 O.O.2d at 40, 220 N.E.2d at 670.

{¶ 9} However, as the court of appeals below held, unlike the relator in *Turpin*, Dehler filed other requests on and after the date he filed his petition for postconviction relief, including an affidavit requesting that Judge Sutula be disqualified from ruling on the petition. Dehler also requested that Judge Sutula recuse herself and that counsel be appointed. Given these facts, as admitted in Dehler's complaint, there was no undue delay, and it was beyond doubt that he

could prove no set of facts establishing his entitlement to extraordinary relief. See, *e.g.*, *State ex rel. Tillimon v. Weiher* (1992), 65 Ohio St.3d 468, 605 N.E.2d 35 (writ of mandamus will not issue to compel court to release its decisions promptly); cf. *State ex rel. Pierce v. Stark Cty. Court of Common Pleas* (1986), 25 Ohio St.3d 27, 25 OBR 23, 494 N.E.2d 1139 (Mandamus will not lie to compel court to rule on postconviction proceeding where as late as the month mandamus action was filed, the court was attempting to accommodate relator's request for counsel in a postconviction proceeding.).

{¶ 10} Dehler failed to plead sufficient specific facts to withstand the Civ.R. 12(B)(6) dismissal motion. See *State ex rel. Fain v. Summit Cty. Adult Probation Dept.* (1995), 71 Ohio St.3d 658, 659, 646 N.E.2d 1113, 1114, and cases cited therein. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., CONCUR.

WRIGHT, J., concurs in judgment only.

————————————