THE STATE EX REL. CLARK, APPELLANT, *v.* LILE, JUDGE, APPELLEE.

[Cite as *State ex rel. Clark v. Lile* (1997), 80 Ohio St.3d 220.]

(No. 97–884—Submitted September 9, 1997—Decided November 5, 1997.)

*Wesley Clark, pro se.*

*Scott J. Mastin,* Tuscarawas County Assistant Prosecuting Attorney, for appellee.

*Per Curiam.* Clark asserts in his sole proposition of law that the court of appeals erred by denying the writ of mandamus. Clark contends that Judge Lile was the appropriate respondent because the Department of Rehabilitation and Correction followed the judge's purported December 1995 order, which differed from his July 1989 clarification. But Clark did not specify these facts in his complaint. Instead, Clark alleged that the *Department of Rehabilitation and Correction* was not following Judge Lile's 1989 sentence and clarification order. Therefore, the court of appeals properly determined that Judge Lile had no duty to provide the requested relief. See, generally, *State ex rel. Fain v. Summit Cty. Adult Probation Dept.* (1995), 71 Ohio St.3d 658, 659, 646 N.E.2d 1113, 1114, and cases cited therein for the proposition that inmates must plead specific facts in order to withstand dismissal of a complaint for writ of mandamus; see, also, *State ex rel. Gilliam v. Cuyahoga Cty. Court of Common Pleas* (Feb. 20, 1997), Cuyahoga App. No. 79791, unreported, 1997 WL 72135 (mandamus action brought by inmate dismissed because, among other reasons, he did not establish that the named respondents, his trial court and trial judge, were the proper parties to release him if his sentence had expired).

Although Clark noted the purported December 1995 order by Judge Lile in his postjudgment application for reconsideration, the request for reconsideration was a nullity, since Clark's mandamus action was filed in the court of appeals. *State ex rel. Pendell v. Adams Cty. Bd. of Elections* (1988), 40 Ohio St.3d 58, 60, 531 N.E.2d 713, 715. App.R. 26(A) was inapplicable. *Id.*, citing *State ex rel. Pajestka v. Faulhaber* (1977), 50 Ohio St.2d 41, 42, 4 O.O.3d 113, 113–114, 362 N.E.2d 263, 263–264.

Based on the foregoing, the court of appeals properly denied the writ. Accordingly, the judgment of the court of appeals is affirmed.[1]

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

---

1. Our holding renders moot Judge Lile's motion to dismiss Clark's brief and Clark's motion to strike Judge Lile's motion to dismiss.