JOURNAL ENTRY AND OPINION
On January 26, 1999, the relator, Kenneth Short, commenced this mandamus action against the respondent, Daniel Taylor, who was Mr. Short's attorney in the underlying cases, State of Ohio v.Kenneth Short, Cuyahoga County Common Pleas Court Case No. CR 343001 and State of Ohio v. Kenneth Short (Dec. 28, 1998), Cuyahoga App. No. 73618, unreported, to compel Mr. Taylor to send him various records relating to those cases. On February 18, 1999, Mr. Taylor moved to dismiss, and Mr. Short never filed any further responses or pleadings. Sua sponte, for the following reasons this court grants the motion to dismiss.
Mr. Short alleges that he has repeatedly requested Mr. Taylor to send him certain records relating to the underlying cases, but Mr. Taylor has refused. Mr. Short alleges that he needs these records to pursue postconviction and appeal remedies. He states that he attached a list of the requested records as Exhibit A; however, there is no Exhibit A attached to the complaint. He further maintains that Mr. Taylor has a duty to send him the records pursuant to DR2-110 (A) (2).
In his motion to dismiss Mr. Taylor admits that he was Mr. Short's attorney in the underlying cases and states that he has sent Mr. Short all the records in his possession: (1) all copies of trial transcripts, (2) copies of all appellant briefs, and (3) copies of the records of the Cuyahoga County Coroners Office. He states that "[t]here are no other documents within the possession and/or control of the Defendant-Respondent." He also states that he is at a complete loss to appropriately address the merits of Mr. Short's claim, because no Exhibit A, the list of requested records, was attached to his copy of the mandamus complaint.
The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief; and (3) there must be no adequate remedy at law. State ex rel. Ney v. Niehaus (1987), 33 Ohio St.3d 118,515 N.E.2d 914. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. State ex rel. Taylor v.Glasser (1977), 50 Ohio St.2d 165, 364 N.E.2d 1; State ex rel.Shafer v. Ohio Turnpike Commission (1953), 159 Ohio St. 581,113 N.E.2d 14; State ex rel. Connole v. Cleveland Board of Education 
(1993), 87 Ohio App.3d 43, 621 N.E.2d 850; and State ex rel.Dayton-oakwood Press v. Dissinger (1940), 32 Ohio Law Abs. 308. Additionally, in mandamus a relator must plead specific facts in order to withstand a motion to dismiss. State ex rel. Iacovone v.Kaminski (1998), 81 Ohio St.3d 189, 690 N.E.2d 4; State ex rel.Clark v. Lile (1997), 80 Ohio St.3d 220, 685 N.E.2d 535; State exrel. Dehler v. Sutula (1995), 74 Ohio St.3d 33, 656 N.E.2d 332;State ex rel. Fain v. Summit County Adult Probation Department 
(1995), 71 Ohio St.3d 658, 646 N.E.2d 1113; and State ex rel.Hickman v. Capots (1989), 45 Ohio St.3d 324, 544 N.E.2d 639.
In the present case Mr. Short's failure to specify exactly which records he requested precludes the granting of the writ of mandamus. He tails to plead the facts necessary to determine his claim. Additionally, without knowing exactly which records he is requesting the court faces insurmountable uncertainty concerning his claim, and mandamus should not issue in doubtful cases.
Also Mr. Short's failure to respond to Mr. Taylor's motion to dismiss also warrants dismissal. State ex rel. Mancini v. OhioBureau of Motor Vehicles (1994), 69 Ohio St.3d 486,633 N.E.2d 1126; State ex rel. White v. Enright (1992), 65 Ohio St.3d 481,605 N.E.2d 44; State ex rel. Crow v. Baynes (1962), 173 Ohio St. 311,181 N.E.2d 804 and State ex rel. Elgin V. Watzek (1961),172 Ohio St. 199, 174 N.E.2d 261.
Accordingly, Mr. Taylor's motion to dismiss is granted, and the application for a writ of mandamus is dismissed. Costs assessed against relator.
ANNDYKE, J., CONCURS.
 ___________________________________ JAMES M. PORTER, ADMINISTRATIVE JUDGE