PETITION FOR WRIT OF MANDAMUS
 JOURNAL ENTRY AND OPINION
On September 27, 1999, the relator, Paul Henderson, commenced this mandamus action against the respondent, Judge Timothy McCormick, to compel the judge to rule on an unspecified motion which Mr. Henderson filed on August 12, 1999, in the underlying case, State of Ohio v. Paul Henderson, Cuyahoga County Common Pleas Court Case No. CR-359651. For the following reasons, this court sua sponte dismisses this writ action.
The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief; and (3) there must be no adequate remedy at law. Although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. State exrel. Ney v. Niehaus (1987), 33 Ohio St.3d 118, 515 N.E.2d 914. Additionally, in mandamus a relator must plead specific facts in order to avoid dismissal. State ex rel. Iacovone v. Kaminiski
(1998), 81 Ohio St.3d 189, 690 N.E.2d 4; State ex rel. Clark v.Lile (1997), 80 Ohio St.3d 220, 685 N.E.2d 535; State ex rel.Dehler v. Sutula (1995), 74 Ohio St.3d 33, 656 N.E.2d 332; Stateex rel. Fain v. Summit County Adult Probation Department (1995),71 Ohio St.3d 658, 646 N.E.2d 1113; State ex rel. Hickman v.Capots (1989), 45 Ohio St.3d 324, 544 N.E.2d 639. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. State ex rel. Taylor v. Glasser (1977), 50 Ohio St.2d 165,364 N.E.2d 1; State ex rel. Shafer v. Ohio TurnpikeCommission (1953), 159 Ohio St. 581, 113 N.E.2d 14; State ex rel.Connole v. Cleveland Board of Education (1993), 87 Ohio App.3d 43,621 N.E.2d 850; State ex rel. Dayton-Oakwood Press v.Dissinger (1940), 32 Ohio Law Abs. 308.
In the present case Mr. Henderson does not specify the motion for which he seeks a ruling. He merely states that he filed a motion on August 12, 1999. The failure to plead sufficient facts as to the nature of the motion and the corresponding uncertainty are fatal defects which alone would warrant dismissal.
Additionally, the matter is moot. A review of the docket in the underlying case shows that on August 12, 1999, Mr. Henderson filed a motion to vacate payment of fines, court costs and of restitution requirements. (A copy of which is attached.) On August 23, 1999, the respondent denied that motion. (A copy of which is also attached.) The judge has fulfilled his duty, and Mr. Henderson has received his requested relief, a ruling on his motion. Thus, mandamus will not lie.
The court further notes that Mr. Henderson did not properly caption his complaint. Civ.R. 10 (A) requires that the addresses of all the parties be listed in the caption of the complaint. Mr. Henderson did not do this. The relator failed to support his complaint with an affidavit "specifying the details of the claim" as required by Local Rule 45 (B) (1) (a). State ex rel. Wilson v.Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077, unreported;State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899, unreported. This mandamus action was also filed prematurely. Sup.R. 40 (A) provides that motions shall be ruled upon within one hundred and twenty days from the date of filing. Thus, a complaint in mandamus to compel a ruling on a motion which has been pending approximately forty-five days is premature. Even the passing of one hundred and twenty days may still not compel a mandamus to issue. State ex rel. Rodgers v.Cuyahoga County Court of Common Pleas (1992), 83 Ohio App.3d 684,615 N.E.2d 689.
Accordingly, the court dismisses the relator's application for a writ of mandamus and his request for an alternative writ. Costs assessed against the relator.
ANN DYKE, CONCURS.
 __________________________________ JAMES M. PORTER, ADMININSTRATIVE JUDGE
NOW COMES THE DEFENDANT, PAUL S. HENDERSON, IN PROPRIA PERSONA AND MOVES THIS HONORABLE COURT TO VACATE PAYMENT OF FINES IN THE AMOUNT OF $1055.00 IN THE ABOVE STYLED CAUSE. IN SUPPORT THE DEFENDANT STATES THE FOLLOWING:
 JURISDICTION
THIS COURT HAS JURISDICTION TO VACATE THE FINES IMPOSED IN THE ABOVE STYLED CAUSE PURSUANT TO § 2929.51 (F) (1) O.R.C. IN FURTHER SUPPORT OF THIS MOTION THE DEFENDANT SUBMITS AN AFFIDAVIT OF INDIGENCE AND A MEMORANDUM OF LAW IN SUPPORT.
RESPECTFULLY SUBMITTED,
PAUL S. HENDERSON
 MEMORANDUM OF LAW IN SUPPORT
DEFENDANT STATES THAT HE IS INDIGENT AND WITHOUT ANY MEANS TO PAY THE FINES IMPOSED IN THIS CASE. IN SUPPORT DEFENDANT SUBMITS AN AFFIDAVIT OF INDIGENCY. FURTHER IT HAS BEEN HELD THAT:
 "APPELLANT PRESERVED THE ISSUE OF HIS ABILITY TO PAY THE FINE BY FILING A MOTION TO VACATE THE FINE AFTER ITS IMPOSITION, AND DID NOT NEED TO OBJECT OR MOVE FOR A HEARING AT THE TIME OF SENTENCING . . . BY THE SAME TOKEN, APPELLANT IS NOT REQUIRED TO WAIT TO OBJECT TO THE FINE UNTIL HE IS PENALIZED FOR FAILURE TO PAY THE FINE . . ." STATE V. HORNON, 619 N.E.2d 527, (OHIO APP. 10 DIST. 1995)
WHEREFORE, DEFENDANT PRAYS THAT THIS HONORABLE COURT WILL VACATE THE FINES, COSTS, AND/OR RESTITUTION INPOSED IN THIS CASE.
RESPECTFULLY SUBMITTED,
 PAUL S. HENDERSON _________________ DEFENDANT, PRO SE
 CERTIFICATE OF SERVICE
I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SERVED BY REGULAR U.S. MAIL THIS ________ DAY OF _______________ 1999, TO THE OFFICE OF THE CLERKS OF COURT AT: 1200 ONTARIO CLEVELAND OHIO 44113.
 _________________ DEFENDANT — PRO SE.
 JOURNAL ENTRY
MOTION OF DEFENDANT TO VACATE PAYMENT OF FINES IS DENIED.