OPINION
Relators, Andrea L. McIntosh and Douglas A. McIntosh, have filed a complaint for a writ of mandamus. The relators, through their writ of mandamus, seek an order from this court which requires the respondent, the Cuyahoga County Department of Children and Family Services, to "* * * lift the stay imposed upon the Judgment (sic) granted July 7, 1999[,] or in the alternative compel the Trial Judge (sic) to render his Findings of Facts and Conclusions of Law in order for the appeal process sought by the Department of Children and Family Services to proceed". The respondent has filed a motion to dismiss which we grant for the following reasons.
In the underlying case of In re: Dylan McIntosh, Cuyahoga County Court Case No. 9793450, the trial court, on July 7, 1999, denied the respondent's motion to modify temporary custody to permanent custody and further awarded legal custody of the child in question, Dylan McIntosh, to the relators. On or about July 12, 1999, the respondent filed a motion to stay the judgment of the trial court which awarded permanent custody to the relators. In addition, the respondent requested that the trial court issue findings of fact and conclusions of law. On July 15, 1999, the trial court granted the respondent's motion for stay of execution of judgment.
In order for this court to issue of writ of mandamus, the relators must demonstrate that: 1) the relators possess a clear legal right to the relief requested; 2) the respondent possesses a clear legal duty to perform the requested relief; and 3) there exists no adequate remedy in the ordinary course of the law.State ex rel. Ney v. Niehaus (1987), 33 Ohio St.3d 118. In addition, the relators must plead specific facts in order to avoid dismissal. State ex rel. Iacovone v. Kaminiski (1998),81 Ohio St.3d 189; State ex rel. Clark v. Lile (1997),80 Ohio St.3d 220; State ex rel. Dehler v. Sutula (1995),74 Ohio St.3d 33; State ex rel. Fain v. Summit County AdultProbation Dept. (1995), 71 Ohio St.3d 658; State ex rel. Hickmanv. Capots (1989), 45 Ohio St.3d 324.
Herein, the relators have failed to establish that the respondent possesses any duty to lift the stay of execution as granted by the trial court on July 15, 1999. In addition, the relators have failed to establish that the respondent possesses any duty to issue findings of fact and conclusions of law. In addition, the relators have failed to name a respondent against whom the writ should issue. See State ex rel. Sharif v. CuyahogaCounty Prosecutor (Mar. 6, 1997). Cuyahoga App. No. 71836; Stateex rel. Calloway v. Cuyahoga County Court of Common Pleas (Feb. 27, 1997), Cuyahoga App. No. 71699, unreported; State ex rel.Samuels v. Municipal Court (Nov. 22, 1994), Cuyahoga App. No. 67762, unreported; State ex rel. White v. Villanueva (Oct. 6, 1993), Cuyahoga App. No. 66009, unreported.
Accordingly, we grant the respondent's motion to dismiss. Relators to pay costs.
Complaint for writ of mandamus is dismissed.
KENNETH A. ROCCO, J.
 PATRICIA A. BLACKMON, J., CONCUR.
 ___________________________________ JOHN T. PATTON PRESIDING JUDGE