JOURNAL ENTRY AND OPINION
On July 7, 2000, the relator, Daries Sherrills, commenced this writ action against the respondent, the State of Ohio, to compel the respondent to have the courts' journals speak the truth in State of Ohio v. Daries Sherrills, Cuyahoga County Court of Appeals Case No. 56777, and State of Ohio v. Daries Sherrills, Cuyahoga County Common Pleas Court Case No. CR-230459.[1] Although having the journal speak the truth is a procedural device to correct clerical errors, Mr. Sherrills is trying to use this device to obtain another review of substantive issues: Improper presentence investigative report, improper indictments depriving the courts of subject matter jurisdiction over this case, a failure to establish the elements of the crimes charged, and ineffective assistance of appellate and trial counsel during the Appellate Rule 26(B) reopening in that the new counsel failed to obtain and review the full transcripts, failed to file a brief as required by the reopening and failed to protect Mr. Sherrills from the presentence investigative report. Thus, he seeks this court to compel the respondent to speak the truth about the improprieties in his convictions and sentence or in the alternative to issue a writ of habeas corpus for his immediate release from prison. He also indicates that the journals of the courts do not accurately reflect his transport from prison back to Cuyahoga County for resentencing.[2] Sua sponte, for the following reasons, this court denies the application for a writ.
First, the complaint is fatally deficient because Mr. Sherrills failed to identify the respondent. The caption lists the respondent as the State of Ohio. However, the body of the complaint seems to seek relief from the Cuyahoga County Court of Appeals, the Cuyahoga County Common Pleas Court, the clerks of those courts, and/or the warden of his prison. Without properly identifying the respondent it is impossible to determine whether or not there are rights and duties enforceable in mandamus. This court has held that this deficiency alone also warrants dismissal. State ex rel. John Lesko v. Court of Common Pleas of Cuyahoga County(Apr. 15, 1999), Cuyahoga App. No. 76165, unreported; State ex rel. Calvin Drake v. Fuerst (May 20, 1999), Cuyahoga App. No. 76001, unreported; State ex rel. Larry Calloway v. Court of Common Pleas of Cuyahoga County (Feb. 27, 1997), Cuyahoga App. No. 71699, unreported; State ex rel. Samuels v. Municipal Court (Nov. 22, 1994), Cuyahoga App. No. 67762, unreported; State ex rel. White v. Villanueva (Oct. 6, 1993), Cuayhoga App. No. 66009, unreported; Maloney v. Court of Common Pleas of Allen County (1962), 173 Ohio St. 226,181 N.E.2d 270; Cf. State ex rel. Clark v. Lile (1997),80 Ohio St.3d 220, 685 N.E.2d 535.
Mr. Sherrills also failed to include the address of the respondent as required by Civ.R. 10(A). To the extent that Mr. Sherrills seeks habeas corpus, the complaint is also fatally deficient because he failed to attach copies of his commitment papers as required by R.C. 2725.04(D).
The court further notes that Mr. Sherrills seems to want this court to correct the journal in Case No. 56777. This seeks the impossible: the court issuing a mandamus for itself. Thus, to the extent that Mr. Sherrills seeks a mandamus against this court, the court dismisses the writ action.
The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. State ex rel. Ney v. Niehaus (1987), 33 Ohio St.3d 118,515 N.E.2d 914. Mandamus is not a substitute for appeal. State ex rel. Keenan v. Calabrese (1994), 69 Ohio St.3d 176, 631 N.E.2d 119; State ex rel. Daggett v. Gessman (1973), 34 Ohio St.2d 55,295 N.E.2d 659; and State ex rel. Pressley v. Industrial Commission of Ohio (1967), 11 Ohio St.2d 141, 228 N.E.2d 631, Paragraph Three of the Syllabus. Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. State ex rel. Tran v. McGrath (1997), 78 Ohio St.3d 45,676 N.E.2d 108 and State ex rel. Boardwalk Shopping Center, Inc. v. Court of Appeals for Cuyahoga County (1990), 56 Ohio St.3d 33,564 N.E.2d 86.
Mr. Sherrills has or had adequate remedies at law which preclude mandamus or habeas relief. To the extent that he really seeks to have some clerical error corrected either in this court or the trial court he may do so through a motion. Crim.R. 36. To the extent that he seeks yet another review of substantive issues, such as the sufficiency of the indictment or the propriety of the sentencing, appeal provided the remedy for such a review.
Throughout the complaint Mr. Sherrills refers to App.R. 26(B) and the ineffective assistance of appellate counsel appointed after this court reopened the appeal. To the extent that Mr. Sherrills is trying to argue ineffective assistance of appellate counsel in a writ action, such a claim is barred by adequate remedy, res judicata, and untimeliness. App.R. 26(B), not a writ action, is the remedy for a claim of ineffective assistance of appellate counsel. Moreover, App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within ninety days from journalization of the decision unless the applicant shows good cause for filing at a later time. This court issued its final decision in Case No. 56777, affirming the new sentence and rejecting the new arguments raised by Mr. Sherrills and his attorney, on September 18, 1997. Thus, this claim is approximately two-and-a-half years late; Mr. Sherrills did not satisfy the good cause requirement.
Furthermore, res judicata properly bars this action. See, generally, State v. Perry (1967), 10 Ohio St.2d 175,226 N.E.2d 104. Res judicata prevents repeated attacks on a final judgment and applies to all issues which were or might have been litigated. In State v. Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, the supreme court ruled that res judicata may bar a claim of ineffective assistance of appellate counsel unless circumstances render the application of the doctrine unjust. In the present case Mr. Sherrills filed his own appellate brief after the resentencing, indicating his dissatisfaction with appointed counsel. Nothing prevented Mr. Sherrills from deducing the current arguments when he has repeatedly argued due process, insufficient evidence, specifications, defects in the record, prosecutorial misconduct and ineffective assistance of counsel. Indeed, some of Mr. Sherrills' current arguments are variations on his previous arguments. Furthermore, the courts have repeatedly ruled that res judicata bars an application to reopen when the appellant has filed a pro se brief. State v. Tyler (1994), 71 Ohio St.3d 398, 664 N.E.2d 298, cert. denied (1995), 116 S.Ct. 98; State v. Boone (1996),114 Ohio App.3d 275, 682 N.E.2d 67; State v. Barnes (Mar. 24, 1986), Cuyahoga App. No. 50318, unreported, reopening disallowed (Mar. 4, 1994), Motion No. 36464; State v. Williams (Nov. 12, 1996), Cuyahoga App. No. 69936, unreported, reopening disallowed (Apr. 24, 1997), Motion No. 80441; and State v. Larkins (Oct. 8, 1987), Cuyahoga App. Nos. 52779 and 52780, unreported, reopening disallowed (Aug. 19, 1996), Motion No. 68671. In State v. Reddick (1995), 73 Ohio St.3d 88, 90-91, 647 N.E.2d 784, the Supreme Court of Ohio stated: Neither Murnahan nor App.R. 26(B) was intended as an open invitation for persons sentenced to long periods of incarceration to concoct new theories of ineffective assistance of appellate counsel in order to have a new rounds of appeals. This same reasoning is fully applicable to efforts to use the extraordinary writs to gain another appeal.
Accordingly, this writ action is dismissed. Costs assessed against relator.
 __________________________ ANN DYKE, A.J.:
TERRENCE O'DONNELL, J., CONCURS.
[1] In Case No. CR-230459 the trial court found Mr. Sherrills guilty of burglary, rape and gross sexual imposition. On appeal (Case No. 56777) this court affirmed. On an Appellate Rule 26(B) application for reopening in Case No. 56777, this court held that the sentence was improper because of an invalid specification from Case No. CR-176192. Upon agreement of the State of Ohio, this court remanded the case to the trial court which imposed a proper sentence. During this process both Mr. Sherrills and his attorney made additional arguments, such as the presence of the improper specification comprised the trial's integrity, violation of double jeopardy, prosecutorial misconduct, invalid indictments, and missing transcripts. Mr. Sherrills has repeatedly made such arguments since his initial conviction over ten years ago. This court rejected the arguments and affirmed the new sentence.
[2] Mr. Sherrills submitted this writ action pro se and stated his claims in rather cryptic terms which has created some uncertainty as to what Mr. Sherrills' claims really are.