JOURNAL ENTRY AND OPINION
On March 5, 2002, the relator, Aaron Ross, commenced this mandamus action against the respondents, the Cleveland Municipal Court and the Cuyahoga County Common Pleas Court, to compel the common pleas court to conduct an evidentiary hearing on his emergency petition for a writ of habeas corpus. The mandamus petition may also assert a claim to compel the common pleas court to accept and file his petition for habeas corpus.[1] For the following reasons, this court dismisses the petition for mandamus sua sponte.
The relator has failed to comply with R.C. 2969.25, which requires an affidavit that describes each civil action or appeal filed by the relator within the previous five years in any state or federal court. The relator's failure to comply with R.C. 2969.25 warrants dismissal of the complaint for a writ of mandamus. State ex rel. Zanders v. Ohio ParoleBoard (1998), 82 Ohio St.3d 421, 696 N.E.2d 594 and State ex rel. Alfordv. Winters (1997), 80 Ohio St.3d 285, 685 N.E.2d 1242.
Additionally, Mr. Aaron has not submitted a proper poverty affidavit pursuant to R.C. 2969.25(C), nor has he paid the necessary filing fee. The papers he submitted included a motion for leave to proceed in formapauperis. However, that was addressed to the common pleas court as an attachment to his petition for a writ of habeas corpus, which he attached as an exhibit to his mandamus petition. That is not the proper means for seeking leave from having to pay the filing fee.
Mr. Aaron also failed to support his complaint with an affidavit "specifying the details of the claim" as required by Local Rule 45(B)(1)(a). State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077, unreported and State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899, unreported.
In mandamus, a relator must plead specific facts in order to avoid dismissal. State ex rel. Iacovone v. Karniniski (1998), 81 Ohio St.3d 189,690 N.E.2d 4; State ex rel. Clark v. Idle (1997), 80 Ohio St.3d 220,685 N.E.2d 535; State ex rel. Dehler v. Sutula (1995), 74 Ohio St.3d 33,656 N.E.2d 332; State ex rel. Fain v. Summit County Adult ProbationDepartment (1995), 71 Ohio St.3d 658, 646 N.E.2d 1113; State ex rel.Hickman v. Capots (1989), 45 Ohio St.3d 324, 544 N.E.2d 639 and State exrel. Strothers v. Murphy (1999), 132 Ohio App.3d 645, 725 N.E.2d 1185. The value of this principle is particularly evident in the present case. Mr. Aaron's petition fails to state various critical facts, such as exactly when he filed his petition for a writ of habeas corpus or even what steps he took to try to file the petition and whether and why those efforts were frustrated. Without those facts this court cannot clearly evaluate the merits of the mandamus petition.
It also appears that mandamus is premature. Although mandamus may issue to compel action after an inordinate amount of time has elapsed and although habeas corpus cases should be resolved quickly, an inordinate amount of time has not elapsed. His attachments show that he signed the petition for habeas corpus on February 19, 2002. Thus, less than a month has elapsed, and it is difficult to rule that several weeks is an inordinate amount of time requiring the issuance of a writ of mandamus. Cf. State ex rel. Rodgers v. Cuyahoga County Court of Common Pleas
(1992), 83 Ohio App.3d 684, 615 N.E.2d 689 and State ex rel Byrd v.Fuerst (July 12, 1991), Cuyahoga App. No. 61985, unreported.
Accordingly, this court dismisses the petition for a writ of mandamus. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
ANN DYKE, J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] The gravamen of the habeas corpus petition is that because the Cleveland Municipal Court is not permitting him to contest an extradition request from Alabama, he is being unlawfully deprived of his liberty.