JOURNAL ENTRY AND OPINION
{¶ 1} On January 4, 2002, the relator, Jean M. Capers, commenced this mandamus action against the respondents, the Mayor of the City of Cleveland, Michael White, all City of Cleveland department directors, all division heads in the executive branch of the City of Cleveland, and all members of Cleveland City Council. Ms. Capers also included Jim Petro, the Auditor of the State of Ohio, as a relator. On February 1, 2002, the respondents moved to dismiss. On March 11, 2002, Auditor Petro moved for his dismissal as a party due to misjoinder. The relator has not filed a response to either of these motions. For the following reasons this court grants the two motions and dismisses this writ action.
{¶ 2} The principles governing mandamus are well established. Its requisites are: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. State ex rel. Ney v. Niehaus (1987), 33 Ohio St.3d 118,515 N.E.2d 914. Additionally, in mandamus a relator must plead specific facts in order to withstand a motion to dismiss. State ex rel. Iacovone v.Kaminski (1998), 81 Ohio St.3d 189, 690 N.E.2d 4; State ex rel. Clark v.Lile (1997), 80 Ohio St.3d 220, 685 N.E.2d 535; State ex rel. Dehler v.Sutula (1995), 74 Ohio St.3d 33, 656 N.E.2d 332; State ex rel. Fain v.Summit Cty. Adult Probation Dept. (1995), 71 Ohio St.3d 658,646 N.E.2d 1113; State ex rel. Hickman v. Capots (1989), 45 Ohio St.3d 324,544 N.E.2d 639 and State ex rel. Strothers v. Murphy (1999),132 Ohio App.3d 645, 725 N.E.2d 1185. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. State ex rel.Taylor v. Glasser (1977), 50 Ohio St.2d 165, 364 N.E.2d 1; State ex rel.Shafer v. Ohio Turnpike Comm. (1953), 159 Ohio St. 581, 113 N.E.2d 14;State ex rel. Connole v. Cleveland Bd. of Edn. (1993), 87 Ohio App.3d 43,621 N.E.2d 850; and State ex rel. Dayton-Oakwood Press v. Dissinger
(1940), 32 Ohio Law Abs. 308.
{¶ 3} Additionally, the court has discretion in issuing the writ. In State ex rel. Pressley v. Indus. Comm. of Ohio (1967),11 Ohio St.2d 141, 28 N.E.2d 631, paragraph seven of the syllabus, the Supreme Court of Ohio ruled that "in considering the allowance or denial of the writ of mandamus on the merits, [the court] will exercise sound, legal and judicial discretion based upon all the facts and circumstances in the individual case and the justice to be done." The court elaborated that in exercising that discretion the court should consider "the exigency which calls for the exercise of such discretion, the nature and extent of the wrong or injury which would follow a refusal of the writ, and other facts which have a bearing on the particular case. * * * Among the facts and circumstances which the court will consider are the applicant's rights, the interests of third persons, the importance or unimportance of the case, the applicant's conduct, the equity and justice of the relator's case, public policy and the public's interest, whether the performance of the act by the respondent would give the relator any effective relief, and whether such act would be impossible, illegal, or useless." 11 Ohio St.2d at 161-162. State ex rel. Bennett v. Lime
(1978), 55 Ohio St.2d 62, 378 N.E.2d 152; State ex rel. Dollison v.Reddy (1978), 55 Ohio St.2d 59, 378 N.E.2d 150; and State ex rel. Mettlerv. Comm'rs. of Athens Cty. (1941), 139 Ohio St. 86, 38 N.E.2d 393.
{¶ 4} Although Ms. Capers brought this writ action as a taxpayer's lawsuit under R.C. 733.59[1], and although in the body of the complaint Ms. Capers accuses Mayor White of improperly using City funds for partisan political purposes, and although she further claims that the "Airport Deal" is illegal under the City Charter, and that the City Council did not properly approve funds for that transaction and other matters, the relief she seeks is records. In her demand for relief she seeks the following:
 WHEREFORE, the Relator prays for a writ of mandamus directing the Respondent Mayor White to produce the records with regard to any executory contracts he negotiated wherein the funds to consummate said contracts were not appropriated by Respondent City Council and there was no warrant issued on the Respondent Treasurer for payment of the obligation/obligations; that a writ issue (sic) to Respondent City Council for it to produce legislation which it has passed without the warrant from the Treasurer that said funds were in its possession for such purpose as the legislation intended; that Respondent City Council provide the records of the reports it has received from Respondent Mayor White with regard to the Respondent Directors of Departments which show any violation of Ohio Rev. Code Sections (sic) 5705.10, requiring that money paid into any fund shall be used only for the purposes for which such fund was established, and (sic) for attorney fees and costs.
{¶ 5} Thus, as revealed by the prayer for relief, this mandamus action is a public records mandamus action even though Ms. Capers never invokes R.C. 149.43. However, the complaint is deficient because she has not pleaded that she requested the records stated in her prayer for relief or that the respondents denied her access to the records. State exrel. Pinkava v. Meyers (Nov. 5, 1998), Cuyahoga App. No. 75054, unreported; State ex rel. Hairston v. Police Chief Pollutro (July 2, 1998), Cuyahoga App. No. 74685, unreported; State ex rel. Smith v. Clerkof Court Office Cuyahoga County (Nov. 12, 1998), Cuyahoga App. No. 75215, unreported — "Absent a prior request for public records and refusal, mandamus is not available to compel the release of public records." (Slip op. at pg. 3.)
{¶ 6} Admittedly, the first paragraph of her complaint endeavors to incorporate the October 1, 2001 letter to the Cleveland Law Director in which Ms. Capers asked the Law Director to provide Auditor Petro with the necessary records to allow completion of his audit of the City. However, it is very uncertain whether this request is a sufficient predicate for Ms. Capers' mandamus action. First, she did not ask that she be provided with the records; rather, she asked that the records be provided to the Auditor. However, as established by the Auditor's motion to dismiss him as a party, she did not represent him. She did not seek his authorization. Nor did he seek her help in completing the audit. Ms. Capers has not pleaded that the records were not provided to the Auditor. Furthermore, it is uncertain whether the records needed by the Auditor even include the three categories of records requested in the prayer for relief.
{¶ 7} Moreover, the request in the letter, for all records necessary to complete the audit, is too indefinite to support a public records mandamus action. In State ex rel. Strothers v. Murphy, supra,
this court ruled that an indefinite request is not enforceable in mandamus. Similarly, in State ex rel. Zauderer v. Joseph (1989),62 Ohio App.3d 752, 577 N.E.2d 444, the court considered a public records request for all-traffic reports. In holding that the request was unenforceable, the court stated that a vague request "for all records" is too vague and meaningless. It is unenforceable because of its overbreadth and it is not sufficiently understandable so that its merits can be properly considered. The court's wisdom is, perhaps, even more appropriate in the present case in which the request requires the record holder to know the mind of the Auditor as well as the status of the audit. Therefore, the letter does not provide a sufficient predicate for a public records mandamus action.
{¶ 8} The records requests in the prayer for relief are also too indefinite. The requests are not for specifically dated pieces of legislation, specifically dated contracts or the reports given by the Mayor to Council, which would make them subject to easy identification. Rather, the request asks for records which indicate noncompliance with various laws. To fulfill the request the record holder must know the contents of all the possible contracts, reports and legislation, know the requirements of the law, and the underlying facts; then, the record holder must be able to opine accurately on the application of the law to the facts to determine which records come within the request. This is too indefinite to support a public records mandamus action. A requester must identify with reasonable clarity the records at issue. State ex rel.Taxpayers Coalition v. City of Lakewood (1999), 86 Ohio St.3d 385,715 N.E.2d 179 and State ex rel. Fant v. Tober (May 20, 1993), Cuyahoga App. No. 63737, unreported, affirmed (1993), 68 Ohio St.3d 117,623 N.E.2d 1202. Because of the legal divination required, these requests are not identifiable with reasonable clarity.
{¶ 9} Alternatively, Ms. Capers is not seeking public records so much as she is really seeking a confession from city officials as to their financial wrongdoings. Such requests for information are not enforceable in a public records mandamus. State ex rel. Fant v. Mengel
(1992), 62 Ohio St.3d 455, 584 N.E.2d 664 and State ex rel. Thomas v.Ohio State University (1994), 71 Ohio St.3d 245, 643 N.E.2d 126. Moreover, she has not cited any authority to support that proposition that she has a clear, legal right, enforceable in mandamus, to compel public officials to make such a confession.
{¶ 10} Additionally, her failure to respond to the dismissal motions are sufficient cause to dismiss this mandamus action. State exrel. Eglin v. Watzek (1961), 172 Ohio St. 199, 174 N.E.2d 261; State exrel. Mancini v. Ohio Bureau of Motor Vehicles (1994), 69 Ohio St.3d 486,633 N.E.2d 1126 and State ex rel. White v. Enright (1992),65 Ohio St.3d 481, 605 N.E.2d 44.
{¶ 11} Finally, to the extent that the relator is actually seeking relief other than the disclosure of records, this court in the exercise of its discretion dismisses this action because the relator has not clearly stated what that relief should be. Nor has she provided this court with authority for granting such relief.
{¶ 12} Accordingly, this court dismisses this writ action. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
FRANK D. CELEBREZZE, JR., J., and TERRENCE O'DONNELL, J., CONCUR.
[1] In the requisite letter, dated October 1, 2001, to the Cleveland Law Director for a taxpayer's action, Ms. Capers asked him to compel the Mayor to provide Auditor Petro with all the necessary documents, information and records to allow the Auditor to complete his audit of the City of Cleveland. She also asked the Law Director to prosecute any Cleveland official, if the documents showed that the official had committed malfeasance, nonfeasance or misfeasance. She also asked the Law Director to commence a prohibition action against the Mayor to prevent him from making any further deals, such as the "Airport Deal," in which, she asserted, he usurped legislative authority and exceeded his powers as Mayor.