OPINION AND JOURNAL ENTRY *Page 2 
{¶ 1} Margaret Lorenzi (hereinafter "Relator") has filed a complaint for writ of mandamus against Respondent Mahoning County Board of Elections (hereinafter, the "Board"), as well as against the individual members of the Board (collectively referred to as "Respondents"). Relator seeks to compel Respondents to accept the nominating petition she filed as an independent candidate for the office of City Council for the Sixth Ward of the City of Youngstown. Relator filed her nominating petition on May 7, 2007. On that same day, she requested an absentee ballot to vote as a Democrat in the primary election to be held on May 8, 2007. Respondents decertified Relator's nominating petition, along with several others, on June 14, 2007, based on an advisory received from the Ohio Secretary of State. We have reviewed the materials submitted by Relator and Respondents, and examined the relevant law governing the requirements for filing a nominating petition to become an independent candidate. There is no clear legal right violated by Respondents and therefore, Relator's complaint is dismissed.
 {¶ 2} We note that a request for writ of mandamus is required to be by petition, not by complaint, pursuant to R.C. 2731.04. Respondents have not filed any objection to this procedural error, and we will proceed to review the issues raised by Relator.
 {¶ 3} In order to be entitled to a writ of mandamus a relator must establish a clear legal right to the requested relief, a clear legal duty on the part of the respondent to provide such relief, and that the relator lacks an adequate remedy in the ordinary course of law.State ex rel. Zimmerman v. Tompkins (1996), *Page 3 75 Ohio St.3d 447, 663 N.E.2d 639. The burden is on the relator to establish the elements necessary to obtain the writ. State ex rel. Dehler v.Sutula (1995), 74 Ohio St.3d 33, 656 N.E.2d 332. To establish the requisite legal right and legal duty, Relator, "must prove that the board of elections engaged in fraud, corruption, abuse of discretion, or clear disregard of statutes or other pertinent law." Rust v. Lucas Cty.Bd. of Elections, 108 Ohio St.3d 139, 2005-Ohio-5795, 841 N.E.2d 766, ¶ 8.
 {¶ 4} The parties have filed competing motions for summary judgment, and the material facts of this case do not appear to be in dispute. Relator filed her nominating petition to run as an independent candidate on May 7, 2007. On that same day, she requested an absentee ballot to vote in the Democrat primary in Mahoning County. The details of the identification document she signed in order to obtain her ballot are worth mentioning. The document states that by requesting a ballot for the Democratic party, "I hereby state that I desire to be affiliated with and support the aforesaid party." The document also states, "I hereby declare, under penalty of election falsification, that the statements above are true to the best of my knowledge and belief." Again, this document was signed by Relator on May 7, 2007. The Application for Absent Voter's Ballot that Relator submitted also states that she specifically requested a ballot for the Democratic primary election. There does not appear to be any dispute that Relator submitted the absentee ballot to be counted in the May 8, 2007, election.
 {¶ 5} On May 29, 2007, the Board certified Relator's nominating petition as an independent candidate for Youngstown City Council for the general election to be held November 6, 2007. *Page 4 
 {¶ 6} On or about June 4, 2007, Respondents received Ohio Secretary of State Advisory 2007-05 (hereinafter "Advisory"). The Advisory addressed the issue of the qualifications for running as an independent candidate. The Advisory particularly addressed R.C. 3513.257, which states in part:
 {¶ 7} "Each person desiring to become an independent candidate for an office for which candidates may be nominated at a primary election * * * shall file no later than four p.m. of the day before the day of the primary election immediately preceding the general election at which such candidacy is to be voted for by the voters, a statement of candidacy and nominating petition as provided in section 3513.261 of the Revised Code."
 {¶ 8} The Advisory highlighted that R.C. 3501.01(I) provides a specific definition of "independent candidate" within the context of Ohio's election laws: "`Independent candidate' means any candidate who claims not to be affiliated with a political party, and whose name has been certified on the office-type ballot at a general or special election through the filing of a statement of candidacy and nominating petition, as prescribed in section 3513.257 of the Revised Code."
 {¶ 9} The Advisory explained that in a recent decision by the Sixth Circuit Court of Appeals, Morrison v. Colley (C.A.6, 2006),467 F.3d 503, the Court interpreted R.C. 3513.257 and 3501.01(I) to require that an independent candidate must claim in good faith that he or she is personally and individually unaffiliated with a political party. TheMorrison case arose after the Ohio Secretary of State refused to certify Mr. Charles R. Morrison as an independent candidate for the United States Congress. Mr. Morrison filed as an independent candidate for Congress, but voted in *Page 5 
the subsequent May 2, 2006, primary as a Republican. Mr. Morrison was also a Republican candidate in the primary election for county and state Republican Party Central Committee. A protest was filed against Mr. Morrison's nominating petition. The four members of the Madison County Board of Elections were split, two votes to two, in trying to decide whether to certify Mr. Morrison's independent candidacy nominating petition for Congress. Because the Board of Elections was deadlocked, by state law the certification was sent to the Ohio Secretary of State, who decided against certification. Mr. Morrison then filed a suit for injunctive relief in Federal District Court, which upheld the decision of the Ohio Secretary of State. This was appealed to the Sixth Circuit Court of Appeals.
 {¶ 10} Morrison held that R.C. 3513.257 and 3501.01(I) were constitutional because their requirements were reasonable and nondiscriminatory, and because they advanced important state interests that were set forth in the statute itself:
 {¶ 11} "The purpose of establishing a filing deadline for independent candidates prior to the primary election immediately preceding the general election at which the candidacy is to be voted on by the voters is to recognize that the state has a substantial and compelling interest in protecting its electoral process by encouraging political stability, ensuring that the winner of the election will represent a majority of the community, providing the electorate with an understandable ballot, and enhancing voter education, thus fostering informed and educated expressions of the popular will in a general election. The filing deadline for independent candidates required in this section prevents splintered parties and unrestrained factionalism, avoids political fragmentation, and maintains the integrity of the ballot. The deadline, *Page 6 
one day prior to the primary election, is the least drastic or restrictive means of protecting these state interests. The general assembly finds that the filing deadline for independent candidates in primary elections required in this section is reasonably related to the state's purpose of ensuring fair and honest elections while leaving unimpaired the political, voting, and associational rights secured by the first and fourteenth amendments to the United States Constitution." R.C. 3513.257(C).
 {¶ 12} Morrison also determined whether the statutes were unconstitutionally vague. Mr. Morrison had argued that the statutes failed to specify what an independent candidate must do to show that he or she is not affiliated with any political party. Morrison explained that, under Grayned v. City of Rockford (1972), 408 U.S. 104,92 S.Ct. 2294, 33 L.Ed.2d 222, a statute must provide a person of ordinary intelligence a reasonable opportunity to understand what is prohibited or required by the statute. Morrison held that, "[a] candidate possessing ordinary intelligence and common sense would readily understand that the claim of independence must be made in good faith — otherwise there would be no reason for having the claim requirement [in R.C. 3501.01(I)], and none of the state interests animating the claim requirement would be served." Id. at 509. Morrison held that a history of voting as a member of a party, being registered as a member of a party, or making affirmations of allegiance to a party that were subject to prosecution for false statement, were all inconsistent with a good faith claim of independence from affiliation with a political party. *Page 7 
 {¶ 13} Based on the reasoning and holdings in Morrison, the Advisory from the Ohio Secretary of State provided a specific example as to when an independent candidate's claim of independence is not made in good faith:
 {¶ 14} "If an independent candidate votes in a party primary election after filing as an independent, the candidate is not actually unaffiliated, and the candidate's claim of independence was either not made in good faith or is no longer current[.]"
 {¶ 15} On June 14, 2007, the Board held a hearing to determine the status of nominating petitions that were affected by the Advisory. Relator testified at the hearing. At the end of the hearing, Respondents decided to decertify the nominating petitions, including Relator's petition, for those independent candidates who voted a partisan ballot in the May 8, 2007, election.
 {¶ 16} Relator filed her complaint in this Court on July 24, 2007. Respondents filed a motion for summary judgment on August 21, 2007. Relator filed a reply and a cross-motion for summary judgment on September 6, 2007. Respondents filed a further response on September 14, 2007. It appears that the case is ready for disposition, because both sides have submitted the same material facts in support of summary judgment. Under Civ.R. 56(C): "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the *Page 8 
evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 17} Relator first argues that the Board had no authority to decertify her nominating petition because no one filed a written protest of the nominating petition. Relator is in error. R.C. 3501.39 states:
 {¶ 18} "(A) The secretary of state or a board of elections shall accept any petition described in section 3501.38 of the Revised Code unless one of the following occurs:
 {¶ 19} "(1) A written protest against the petition or candidacy, naming specific objections, is filed, a hearing is held, and a determination is made by the election officials with whom the protest is filed that the petition is invalid, in accordance with any section of the Revised Code providing a protest procedure.
 {¶ 20} "(2) A written protest against the petition or candidacy, naming specific objections, is filed, a hearing is held, and a determination is made by the election officials with whom the protest is filed that the petition violates any requirement established by law.
 {¶ 21} "(3) The candidate's candidacy or the petition violates the requirements of this chapter, Chapter 3513. of the Revised Code, or any other requirements established by law.
 {¶ 22} "(B) * * * [A] board of elections shall not invalidate any declaration of candidacy or nominating petition under division (A)(3) of this section after the fiftieth *Page 9 
day prior to the election at which the candidate seeks nomination to office, if the candidate filed a declaration of candidacy, or election to office, if the candidate filed a nominating petition."
 {¶ 23} Under R.C. 3501.39(A)(3), a Board of Elections has the authority, sua sponte, to reject a nominating petition if the petition violates the requirements of R.C. Chapter 3513 or any other law. Respondents decertified Relator's nominating petition because it violated R.C. 3513.257. A Board of Elections has the authority to sua sponte reject or decertify an improper nominating petition up to the fiftieth day prior to the election at which the candidate seeks election to office, pursuant to R.C. 3501.39(B)(2). See State ex rel. Harbargerv. Cuyahoga Cty. Bd. of Elections (1996), 75 Ohio St.3d 44, 46,661 N.E.2d 699. The Board decertified Relator's nominating petition on June 14, 2007. The general election will be held on November 6, 2007, almost five months after Respondents decertified Relator's nominating petition. Thus, Respondents acted well within the 50-day time frame established in R.C. 3501.39(B)(2).
 {¶ 24} Relator next contends that the Board abused its discretion in applying Morrison to the circumstances of the instant case. We cannot find an abuse of discretion. Respondents acted in a timely manner pursuant to the Advisory from the Secretary of State. The Secretary of State is the Chief Election Officer of the State of Ohio, and has authority over the county boards of elections. R.C. 3501.05. The Secretary of State has authority to issue directives and advisories to the various boards of elections, and to compel election officials to observe the requirements of the law. R.C. 3501.05(B), (M). Courts recognize the unique position of the Secretary *Page 10 
of State in election matters, and we have a duty to defer to the Secretary of State's interpretation of election law if it is subject to two different, but equally reasonable, interpretations. State ex rel.Herman v. Klopfleisch (1995), 72 Ohio St.3d 581, 586, 651 N.E.2d 995. Obviously, Respondents also have a duty to defer to the Secretary of State in interpreting and implementing state election law.
 {¶ 25} It appears to have been a prior practice of the Secretary of State and Respondents to allow independent candidates to cast a partisan ballot in the next primary election following submission of a nominating petition as an independent candidate. That practice does not appear to have been tested in the court system prior to Morrison. TheMorrison Court thoroughly examined the requirements of R.C. 3513.257 and3501.01(I), and clearly held that a putative independent candidate must not only claim to be independent, but must make the claim in good faith. We must agree with this interpretation. Additionally, we are compelled to defer to the Ohio Secretary of State's reliance on the reasonable statutory interpretation in Morrison, and the application of that interpretation as contained in the Advisory. Klopfleisch, supra. The Advisory serves as an express guide to the various boards of elections for the proposition that a so-called "independent" candidate who voted in the party primary election after filing as an independent is not actually unaffiliated. We cannot find any abuse of discretion when the Board simply followed the mandate of both the election statutes and the Secretary of State.
 {¶ 26} Relator tries to distinguish her set of circumstances from that contained in the Advisory based on the fact that she filled out her Democratic absentee ballot on the same day that she filed as an independent candidate for Youngstown City *Page 11 
Council. Relator contends that the Advisory only invalidates a claim that a candidate is independent when the candidate votes in a partisan primary after filing as a candidate, not when he or she votes simultaneously with her filing of the nominating petition. This argument is unpersuasive. First, absentee ballots are not counted until the day of the election, or in some cases, after the election. R.C. 3509.06. An absentee vote is not actually "cast" until it is counted, which in Relator's case would be the day after she filed her nominating petition. Even if this were not true, her act of filing as an independent candidate on the same day that she clearly affirms, in writing, that she is affiliated with the Democratic party are completely inconsistent events and present an even more egregious example of a lack of good faith than those provided in the Advisory.
 {¶ 27} A recent decision of the Eleventh District Court of Appeals supports our ruling in the instant case. In State ex rel. Wilkerson v.Trumbull Cty. Bd. of Elections, 11th Dist. No. 2007-T-0081,2007-Ohio-4762, three independent candidates submitted their nominating petitions on May 7, 2007, and then voted in the party primary of May 8, 2007. Based on the same Advisory from the Secretary of State at the heart of this matter, the Trumbull County Board of Elections rejected the three petitions and disqualified the individuals from running for those offices in the November 2007 election. The candidates filed a petition for writ of mandamus in the Eleventh District Court of Appeals. The Wilkerson court found the reasoning of Morrison to be persuasive, and held that, "the act of voting in the primary would be sufficient to establish that the candidate was not truly independent for purposes of running for public office." Id. at ¶ 29. The Wilkerson court expressly stated that it *Page 12 
would have come to the same conclusion even if Morrison had never been issued. Wilkerson found no abuse of discretion by the board of elections because it followed the statutory law, the Advisory of the Secretary of State, and the holding of the Sixth Circuit Court of Appeals inMorrison.
 {¶ 28} Just as in Morrison, the record reflects no abuse of discretion on the part of the Respondents in decertifying Relator's nominating petition, and we sustain Respondents' motion for summary judgment. We hereby dismiss Relator's complaint. Costs taxed against Relator. Final order. Clerk to serve notice as provided by the Civil Rules.
 Waite, J., Donofrio, J., Vukovich, J., concurs. *Page 1