JOURNAL ENTRY AND OPINION
{¶ 1} On August 15, 2006, the relator, Margaret Dolan, commenced this prohibition and mandamus action against the respondent, Judge K.J. Montgomery of the Shaker Heights Municipal Court. Dolan seeks to prohibit the respondent judge from adjudicating the underlying case, The City of Beachwood v.Margaret Dolan, Shaker Heights Municipal Court Case No. 03TRD09204, and especially to prohibit the enforcement of a driving suspension order in that case. She further seeks mandamus to compel the transfer of the underlying case to the Lyndhurst Municipal Court. Dolan also applied for an alternative writ, which this court denied on August 29, 2006. The respondent judge filed a brief in opposition on September 15, 2006. Dolan has not filed any response or further prosecuted her case. For the following reasons, this court denies the application for the extraordinary writs.
 {¶ 2} The gravamen of Dolan's complaint is that the jurisdictional priority rule between courts of concurrent jurisdiction prohibits the respondent judge from adjudicating the underlying case. She alleges that the Lyndhurst Municipal Court first acquired jurisdiction over her in a 2002 case and then granted her driving privileges in 2004. The underlying Shaker Heights Municipal Court case was not brought until November 2003, and then the respondent judge suspended Dolan's license for ten years. Dolan argues that because the Lyndhurst Municipal Court first acquired jurisdiction over her license, no court of coordinate jurisdiction is at liberty to interfere with its proceedings. John Weenik Sons Co. v. Cuyahoga County Court ofCommon Pleas (1948), 150 Ohio St. 349, 82 N.E.2d 730. Thus, she submits that this court should order the respondent judge not to adjudicate the underlying case but to transfer it to the Lyndhurst Municipal Court.
 {¶ 3} The respondent judge counters that the Shaker Heights Municipal Court first acquired jurisdiction over Dolan in TheCity of Beachwood v. Margaret Dolan, Shaker Heights Municipal Court Case No. 98TRC00127. The court in 1998 suspended Dolan's license in that case for ten years for operating her vehicle under the influence. The Shaker Heights Municipal Court subsequently granted and expanded driving privileges in 1999 and 2001. However, when Dolan pleaded no contest to driving under suspension and a "lines and lanes" violation in the underlying case, the respondent judge ordered her "Ohio license suspended until 11-15-08 in accordance w/case 98TRC00127." (March 23, 2004 journal entry in Case No. 03TRD09204.) The respondent judge concludes that Dolan's jurisdictional priority rule argument completely fails under these facts, because this 1998 case vested priority with the Shaker Heights Municipal Court and, thus, the respondent judge was clearly within her authority to revoke Dolan's license pursuant to that 1998 case.
 {¶ 4} The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. State ex rel. Largent v. Fisher
(1989), 43 Ohio St.3d 160, 540 N.E.2d 239. Furthermore, if a petitioner had an adequate remedy, relief in prohibition is precluded, even if the remedy was not used. State ex rel. Lesherv. Kainrad (1981), 65 Ohio St.2d 68, 417 N.E.2d 1382, certiorari denied (1981), 454 U.S. 845; Cf. State ex rel. Sibarco Corp. v.City of Berea (1966), 7 Ohio St.2d 85, 218 N.E.2d 428, certiorari denied (1967), 386 U.S. 957. Prohibition will not lie unless it clearly appears that the court has no jurisdiction of the cause which it is attempting to adjudicate or the court is about to exceed its jurisdiction. State ex rel. Ellis v. McCabe
(1941), 138 Ohio St. 417, 35 N.E.2d 571, paragraph three of the syllabus. Furthermore, it should be used with great caution and not issue in a doubtful case. State ex rel. Merion v. TuscarawasCty. Court of Common Pleas (1940), 137 Ohio St. 273,28 N.E.2d 273; Reiss v. Columbus Municipal Court (1956), 76 Ohio Law Abs. 141, 145 N.E.2d 447. Nevertheless, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. State ex rel. Tilford v.Crush (1988), 39 Ohio St.3d 174, 529 N.E.2d 1245 and State exrel. Csank v. Jaffe (1995), 107 Ohio App.3d 387, 668 N.E.2d 996. However, absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via appeal from the court's holding that it has jurisdiction. State ex rel. Rootstown Local School Dist.Bd. of Edn. v. Portage Cty. Court of Common Pleas (1997),78 Ohio St.3d 489, 678 N.E.2d 1365 and State ex rel. Bradford v.Trumbull Cty. Court, 64 Ohio St.3d 502, 1992-Ohio-116,597 N.E.2d 116. Moreover, the court has discretion in issuing the writ of prohibition. State ex rel. Gilligan v. Hoddinott
(1973), 36 Ohio St.2d 127, 304 N.E.2d 382.
 {¶ 5} Similarly, the principles of the jurisdictional priority rule are also well established. This rule provides that "[a]s between [state] courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all tribunals, to adjudicate upon the whole issue and to settle the rights of the parties." State ex rel. Dannaher v. Crawford
(1997), 78 Ohio St.3d 391, 393, 678 N.E.2d 549; citing State exrel. Racing Guild of Ohio v. Morgan (1985) 17 Ohio St.3d 54, 56,476 N.E.2d 1060 and State ex rel. Phillips v. Polcar (1977),50 Ohio St.2d 279, 364 N.E.2d 33, syllabus. Furthermore, "it is a condition of the operation of the state jurisdictional priority rule that the claims or causes of action be the same in both cases, and `[i]f the second case is not for the same cause of action, nor between the same parties, the former suit will not prevent the latter.'" Crawford, 78 Ohio St.3d at 393, quotingState ex rel. Sellers v. Gerken (1995), 72 Ohio St.3d 115, 117,647 N.E.2d 807, 809 and State ex rel. Judson v. Spahr (1987),33 Ohio St.3d 111, 113, 515 N.E.2d 911.
 {¶ 6} In the instant writ action, Dolan does not establish that the underlying case and the Lyndhurst case are between the same parties and are the same claims. In fact, Dolan did not identify the Lyndhurst action by case number or caption, nor did she submit a docket or any relevant journal entries to substantiate her position. In a writ action, a relator must plead specific facts in order to avoid dismissal. State ex rel.Iacovone v. Kaminiski, 81 Ohio St.3d 189, 1998-Ohio-304,690 N.E.2d 4; State ex rel. Clark v. Lile, 80 Ohio St.3d 220,1997-Ohio-124, 685 N.E.2d 535; State ex rel. Dehler v. Sutula,74 Ohio St.3d 33, 1995-Ohio-268, 656 N.E.2d 332; State ex rel.Fain v. Summit County Adult Probation Department,71 Ohio St.3d 658, 1995-Ohio-149, 646 N.E.2d 1113; and State ex rel. Hickmanv. Capots (1989), 45 Ohio St.3d 324, 544 N.E.2d 639 and Stateex rel. Strothers v. Murphy (1999), 132 Ohio App.3d 645,725 N.E.2d 1185. Therefore, Dolan has not fulfilled this prerequisite for an extraordinary writ relief. Without such information, this court cannot dispel its doubts about the propriety of issuing a writ of mandamus or prohibition.
 {¶ 7} Moreover, from the information submitted, it appears that the Lyndhurst case and the underlying action are not the same claims. Through an attached docket the respondent judge submits that the relevant Lyndhurst Municipal Court case is Case No. 02TRC11066; Dolan has not disputed this submission. The Lyndhurst case charged Dolan with driving under the influence and with a blood alcohol content over .10 on September 12, 2002. A review of the docket of the underlying case reveals that the City of Beachwood charged Dolan with driving under suspension and "violating lines and lanes" on November 9, 2003. Thus, even prescinding the effect of Dolan's 1998 Shaker Heights Municipal Court case, the jurisdictional priority rule would not control because the claims are not the same. Alternatively, the 1998 Shaker Heights Municipal Court case would clothe the respondent judge with sufficient jurisdiction to determine her own jurisdiction, and Dolan would have or had an adequate remedy at law through appeal to test that determination. Prohibition does not lie in this matter. Dolan's mandamus claim to transfer the underlying case to Lyndhurst Municipal Court also fails because that claim is dependent upon the prohibition claim.
 {¶ 8} Accordingly, this court denies Dolan's applications for a writ of prohibition and a writ of mandamus. Dolan to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Cooney, P.J., and Rocco, J., concur.