[Cite as *State v. Blashaw*, 2012-Ohio-6011.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 98719

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JUSTIN BLASHAW

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-524897

**BEFORE:** E. Gallagher, J., Stewart, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** December 20, 2012

**FOR APPELLANT**

Justin Blashaw, pro se
572-575
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio   44901


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:    Kristen L. Sobieski
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

{¶1} Justin Blashaw appeals from the Cuyahoga County Court of Common Pleas' denial of his motion to vacate a guilty plea pursuant to Crim.R. 32.1. For the following reasons, we affirm.

{¶2} On May 17, 2009, appellant crashed his vehicle on Interstate 90 in Rocky River, Ohio. Appellant's two daughters were in the car and sustained severe injuries. Police Officers determined that appellant was under the influence of alcohol at the time of the crash and was also driving under a license suspension.

{¶3} The Cuyahoga County Grand Jury indicted appellant on June 9, 2009, and charged him with two counts of second-degree felony aggravated vehicular assault, two counts of third-degree felony aggravated vehicular assault, two counts of third-degree felony endangering children, two counts of fifth-degree felony endangering children, two counts of driving while under the influence, and one misdemeanor count of obstructing official business.

{¶4} On August 6, 2009, appellant rescinded his not guilty pleas and pled guilty to all counts as charged. The trial court's journal entry indicates that "defendant [was] fully advised in open court of his/her constitutional rights and penalties."

{¶5} On August 27, 2009, the trial court merged the two second-degree aggravated vehicular assault charges and the two third-degree aggravated vehicular assault charges and sentenced Blashaw as follows: eight years on the merged

second-degree and third-degree aggravated vehicular assault charges, four years on each count of third-degree felony endangering children, one year on each count of fifth-degree felony endangering children, six months on each count of driving under the influence, and time served on the charge of obstructing official business. The court ordered the two eight-year sentences were to run consecutively, for a total of 16 years; the court ordered all other counts were to run concurrent to each other, for a total of four years, but consecutive to the two eight-year sentences. The trial court, therefore, sentenced Blashaw to a total of 20 years, and advised him of three years of mandatory postrelease control.

{¶6} Blashaw appealed the trial court's sentencing order to this court arguing that the trial court failed to justify the imposition of consecutive, maximum terms and that it improperly failed to merge all of the vehicular assault charges. In *State v. Blashaw*, 8th Dist. No. 93943, 2010-Ohio-4673 (hereinafter "*Blashaw* I"), we affirmed the sentencing order.

{¶7} Thereafter, appellant filed a pro se motion with the trial court to withdraw his guilty plea pursuant to Crim.R. 32.1. Appellant argued that his guilty plea was void because the trial judge failed to properly state all possible penalties during the plea colloquy and as a result the plea was not knowingly, intelligently, and voluntarily made. On June 25, 2012, the trial court denied the motion, stating in its journal entry that "[appellant's] conviction has been affirmed on appeal." On July 26, 2012, appellant timely filed his notice of appeal to this court.

{¶8} Appellant's sole assignment of error states:

The trial court erred when it denied the Criminal Rule of Proc. 32.1 motion to withdraw plea, as manifest injustice.

**{¶9}** Crim.R. 32.1 states that

[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

**{¶10}** Crim.R. 32.1 thus clearly identifies two types of motions to withdraw a plea: a motion before sentence is imposed, and a motion after sentence is imposed, in which case the defendant must show a manifest injustice to justify withdrawing the plea. A manifest injustice is a "clear or openly unjust act," a "fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her." (Citations omitted.) *State v. Smith*, 8th Dist. No. 94063, 2010-Ohio-3512, ¶ 15 (hereinafter "*Smith* I"). Because the trial court already imposed sentence in this case, appellant must demonstrate manifest injustice in order to proceed with his motion.

**{¶11}** We review the trial court's denial of a motion to withdraw a guilty plea for an abuse of discretion. *See State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph two of the syllabus. As stated by this court in *State v. Longo*, 4 Ohio App.3d 136, 446 N.E.2d 1145 (8th Dist. 1982) in paragraph three of the syllabus, "[a]buse of discretion implies an unreasonably, arbitrary or unconscionable attitude on the part of the court. Such concept of abuse applies to a court's determination of a motion to change a plea."

{¶12} We note at the outset that our analysis in this case is constrained, indeed dictated, by appellant's failure to provide a transcript of the plea colloquy at issue. An appellant bears the burden of "providing the reviewing court with a record of the facts, testimony, and evidentiary matters that are necessary to support the appellant's assignments of error." *Smith* I. In the absence of a transcript or other record, this court "must presume regularity in the trial court's proceedings." *Smith* I.

{¶13} The procedural posture of this case, including appellant's failure to produce a transcript, renders the case almost identical to that in *Smith* I, *supra*. In *Smith* I, the appellant also appealed from the denial of a motion to withdraw a guilty plea after he had already lost a direct appeal from the sentencing on the plea. Because the appellant failed to provide the court with a transcript of the plea colloquy, he failed to carry his burden of showing a manifest injustice and, therefore, the court was forced to "assume the trial court satisfied its duties to appellant." *Id.*

{¶14} Here, as in *Smith* I, the appellant failed to provide this court with a transcript in order to assess whether a manifest injustice occurred during the plea colloquy. In his brief, appellant asserts numerous irregularities in the plea colloquy, and even provides citations to the transcript of the colloquy but, in the absence of the transcript itself, these statements are only "bald claims in [appellant's] brief." *Id.* at ¶ 12. Indeed, the trial court's journal entry statement to the effect that appellant was "fully advised in open court of * * * penalties" implies that the appellant's asserted irregularities are incorrect. Because our finding of regularity implies a distinct lack of

manifest injustice, appellant's motion to withdraw his plea after sentence has been imposed is defeated.

{¶15} Our presumption of regularity in the plea colloquy would, in and of itself, be enough to justify affirming the trial court's denial of appellant's motion to withdraw his guilty plea. An additional basis for our holding is the doctrine of res judicata. "Res judicata bars the assertion of claims from a valid, final judgment of conviction that have been raised or could have been raised on direct appeal." *State v. McGee*, 8th Dist. No. 91638, 2009-Ohio-3374, ¶ 8 citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (8th Dist.1967), paragraph nine of the syllabus; *see also Smith* I at ¶ 19. An exception to the rule of res judicata exists for situations where the movant raises "new, competent, relevant and material evidence" that was outside the record at the time of the direct appeal. *Smith* I at ¶ 20.

{¶16} Given the facts of this case, res judicata is clearly applicable to appellant's motion to withdraw his plea. Again, our judgment mirrors our earlier opinion in *Smith* I. Just as in *Smith* I, any defects in the plea colloquy were known to appellant at the time of his direct appeal in *Blashaw* I and, therefore, should have been raised before this court at that time. Furthermore, there is no "new, competent, relevant and material evidence" supporting appellant's motion to withdraw his guilty plea and thus appellant fails to satisfy the exception to the rule of res judicata.

{¶17} Appellant argues that res judicata is not applicable to this case because his sentence is a "void sentence" and, therefore, a nullity with no preclusive effect on his Crim.R. 32.1 motion. This argument is simply incorrect. The central issue of

*Blashaw* I was whether appellant's sentence was "void" due to the trial court's failure to properly sentence appellant. Our finding in *Blashaw* I that the sentence was proper and valid and not at all void is "controlling upon the lower court as to all matters within the compass of the judgment." *State v. Craddock*, 8th Dist. No. 87582, 2006-Ohio-5912, ¶ 10 citing *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97, 378 N.E.2d 162 (7th Dist.1978). As noted in *Craddock*, the trial court has no jurisdiction to alter any aspect of a case "within the compass" of the appellate judgment, "much less to allow [appellant] to withdraw his guilty plea and grant a new trial." *Craddock* at ¶ 10.

{¶18} Based on the foregoing, we can find no "manifest injustice" that would permit the trial court to allow appellant to withdraw his guilty plea. Additionally, the trial court's journal entry statement to the effect that its decision was based on res judicata was entirely proper and not an abuse of its discretion. Therefore, we affirm the judgment of the trial court.

{¶19} Blashaw's sole assignment of error is overruled.

{¶20} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

MELODY J. STEWART, P.J., and
MARY EILEEN KILBANE, J., CONCUR