[Cite as *State v. Vassalle*, 2014-Ohio-4426.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### SENECA COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                CASE NO.  13-14-03

      v.

TIMOTHY VASSALLE,                O P I N I O N

      DEFENDANT-APPELLANT.


Appeals from Tiffin Municipal Court

Trial Court Nos. 13-TRC-3505 and CRB 1300996

Judgments Affirmed

Date of Decision:   October 6, 2014


APPEARANCES:

    *Gene P. Murray* for Appellant

    *Drew E. Wood* for Appellee

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Timothy Vassalle ("Vassalle"), brings this appeal from the judgments of the Tiffin Municipal Court in Seneca County, Ohio, denying his post-sentence motions to withdraw pleas of no contest. For the reasons that follow, we affirm the trial court's judgments.

{¶2} The record before us is limited and shows the following procedural history. On a Friday evening, December 6, 2013, at 5:38 p.m., Vassalle was cited with operating a vehicle while under the influence of alcohol or drug of abuse (OVI) in violation of R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree, and a failure to control in violation of R.C. 4511.202(A), a minor misdemeanor. On Monday morning, December 9, 2013, the citation was filed in Tiffin Municipal Court in the case number 13 TRC 3505 A-B. (R.1 at 1.[1]) On the same day, another case was filed against Vassalle in Tiffin Municipal Court, captioned CRB 1300996, which charged him with carrying or using a firearm or dangerous ordnance while under the influence of alcohol or drug of abuse in violation of R.C. 2923.15(A), a misdemeanor of the first degree. (R.2 at 1.) An arraignment in both cases occurred also on the same day, Monday, December 9, 2013.

{¶3} The journal entries filed in both cases on December 9, 2013, show that at the arraignment, Vassalle "waived counsel," "following discussion"; "[r]ights,

---

[1] Due to the fact that this appeal concerns two separate cases and involves two records from the trial court, we use R.1 and R.2 throughout this opinion, where R.1 refers to the case 13 TRC 3505 A-B, and R.2 refers to the case CRB 1300996.

pleas and penalties pursuant to Crim. R. 10 and 11 were explained and the defendant stated that he/she understood them"; Vassalle acknowledged receipt of the citation in case 13 TRC 3505 A-B and the receipt of the complaint in open court in case CRB 1300996; and he heard the reading of the citation and the complaint. (R.1 at 3, 4; R.2 at 2.) The judgment entries further show that Vassalle entered a plea of no contest to all the charges and that he discussed the waiver of rights and the plea in open court. (*Id.*)

{¶4} The trial court found Vassalle guilty of all charges and sentenced him, during the same proceeding, to ninety days in jail with eighty-five days conditionally suspended for the OVI conviction, and ninety days in jail with eighty-five days conditionally suspended for carrying or using a weapon while under the influence. (*Id.*) The two jail terms were to be served concurrently to each other. (*Id.*) Other sanctions included community control, suspension of driving and hunting licenses, and fines. (*Id.*) The jail commitment documents were filed on the same day. (R.1 at 5; R.2 at 3.) The docket indicates that Vassalle completed his five-day jail sentence on December 11, 2013. (R.1 at 16; R.2 at 13.)

{¶5} The next filings in both cases occurred on December 23, 2013, and consisted of motions to withdraw pleas of no contest, signed by attorney Gene Murray. (R.1 at 7; R.2 at 5.) The motions alleged that Vassalle had entered his pleas of no contest by mistake. (*Id.*) The following facts were alleged:

[O]n Sunday, December 8, 2013, Janet Strausbaugh called undersigned attorney Murray on behalf of Defendant Vassalle, with the purpose of retaining [attorney Murray] to represent Defendant Vassalle, whose arraignment was scheduled for Monday, December 9, 2013 at 9:00 A.M. via video at the Tiffin Municipal Court.

On said Monday, December 9, 2013 at 9:00 A.M., attorney Murray had a scheduling conflict with State of Ohio v. Michael Ludwig, a felony case in the Hancock County Common Pleas Court, Judge Niemeyer presiding.

Wherefore, on Sunday evening, December 8, 2013 at 9:46 P.M., attorney Murray telephoned the Seneca County Jail, at the Sheriff's Department, a call which should have been recorded, and talked with a correction's officer, asking him if he would relay the message to then-inmate Defendant Timothy Vassalle to plead Not Guilty to his charges the next morning, on the advice of his attorney Gene Murray.

The correction's officer indicated that yes, he would relay the message to Defendant Vassalle, but instead relayed a wrong message to Defendant Vassalle to plead No Contest, rather than Not Guilty, to the charges.

(*Id.*)

**{¶6}** The trial court assigned the motions for a hearing on January 3, 2014. (R.1 at 6; R.2 at 6.)  The dockets show that attorney Murray requested the audio recording of the telephone call he had placed to the Seneca County jail on Sunday, December 8, 2013, at 9:46 p.m., to be produced at the January 3, 2014 hearing. (R.1 at 10; R.2 at 8.)

**{¶7}** On January 3, 2014, journal entries were filed ordering the parties to submit written closing arguments on the matter of withdrawing the no contest pleas.  (R.1 at 12; R.2 at 9.)  Vassalle's closing argument reiterated facts stated in

his motions. (R.1 at 13; R.2 at 10.) It further referred to the January 3, 2014 hearing and to "the arraignment video in which Defendant Vassalle provides the name of undersigned attorney Murray as advising him (falsely) to plead no contest to the charges." (*Id.*) The State's closing argument referred to the recording of the arraignment as well. (R.1 at 14; R.2 at 11.) The recording was supposedly submitted at the January 3, 2014 hearing as an exhibit, as to which the parties stipulated. (*Id.*) The State further referred to a recording of the telephone call made by attorney Murray to the Seneca County Jail on December 8, 2013, during which attorney Murray was heard requesting that a message be passed to Vassalle instructing him to plead not guilty. (*Id.*) According to the State's closing argument, the parties had stipulated to that recording and submitted it as an exhibit at the hearing. (*Id.*)

{¶8} In its closing argument, the State argued that Vassalle's self-serving testimony at the hearing, alleging that a false message was conveyed to him, was not credible. (*Id.* at 3.) The State argued that the delay in filing his motions to withdraw weighed against the credibility of Vassalle's assertion of a mistaken belief that he would not be found guilty upon entering the no contest pleas, because the mistake should have become apparent when the court stated, "You are hereby found guilty." (*Id.* at 4.) The State further referred to Vassalle's testimony at the hearing, which allegedly further undermined his credibility. (*Id.* at 4-6.) The State additionally pointed out that, during his arraignment on December 9,

2013, Vassalle had been advised of his rights, and indicated that he understood his rights and that he wished to plead no contest. (*Id.* at 8-9.) Those facts, according to the State, proved that Vassalle had entered his plea knowingly, voluntarily, and intelligently, and that his claims of mistake, alleged two weeks after sentencing, should be rejected. (*Id.*)

{¶9} On January 10, 2014, the trial court issued a one-paragraph ruling, denying the motions to withdraw in both cases. (R.1 at 15; R.2 at 12.) The trial court stated that it "adopt[ed] the findings and case law set forth by the [State], and [found] that [Vassalle] has failed to sustain his burden in this matter." (*Id.*)

{¶10} Vassalle timely appealed on February 6, 2014, consolidating the two trial court cases for the purpose of this appeal. He submitted a statement indicating that he "intend[ed] to include in the record a partial transcript of the proceedings in the trial court consisting of: the arraignment (plea hearing and sentencing), and the hearing on motion to withdraw no contest pleas," within forty days. (R.1 at 18, 19.) On March 17, 2014, Vassalle requested a thirty-day extension of time for transmitting the record on appeal due to "the heavy workload of the court reporter." (R.1 at 25.) The extension was granted; yet, Vassalle never filed any transcripts from the trial court's proceedings. On April 16, 2014, an affidavit from the court reporter was filed, stating that the reporter was

> unable to complete the transcript of the hearings held in the above matter due to the fact that the Tiffin Municipal Court digital system malfunctioned and only the first six minutes of the hearing and the

> last 59 minutes of the hearing were recorded per personal discussion with the staff at Tiffin Municipal Court; therefore, a complete transcript of the hearing is unavailable.

(R.1 at 29.) Vassalle failed to include any transcripts, partial or completed, in the trial court's record. On April 16, 2014, the record from Tiffin Municipal Court was transferred to this court, pursuant to App.R.9(A).

{¶11} Vassalle alleges one assignment of error on appeal:

**THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING THE DEFENDANT-APPELLANT'S MOTION TO WITHDRAW HIS PLEAS OF NO CONTEST, ON GROUNDS THAT THE NOVICE DEFENDANT DID NOT KNOWINGLY, VOLUNTARILY OR INTELLIGENTLY ENTER HIS NO CONTEST PLEAS, AS THE RECORDED MESSAGE FROM HIS RETAINED DEFENSE COUNSEL WAS TO PLEAD NOT GUILTY TO ALL CHARGES, WHICH MESSAGE WAS INADVERTENTLY AT BEST, OR ADVERTENTLY AT WORST, SO MISTAKENLY RELAYED BY SHERIFF'S DEPARTMENT PERSONNEL TO THE DEFENDANT-APPELLANT TO PLEAD NO CONTEST TO ALL CHARGES.**

{¶12} Because Vassalle's motions to withdraw were filed after sentencing, they could only be granted "in extraordinary cases," in order to "correct manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 261, 264, 361 N.E.2d 1324 (1977); Crim.R. 32.1.

> A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; *but to correct manifest injustice* the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

(Emphasis added.)  Crim.R. 32.1.  "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice."  *Smith*, 49 Ohio St.2d 261, at paragraph one of the syllabus.

{¶13} "[T]he decision whether to grant a motion to withdraw a guilty plea rests within the sound discretion of the trial court" and we will not reverse the trial court's decision absent an abuse of that discretion.  *State v. Nathan*, 99 Ohio App.3d 722, 725, 651 N.E.2d 1044 (3d Dist.1995).  "An abuse of discretion is more than an error in judgment"; thus, we will only reverse the trial court if its reasoning was "unreasonable, arbitrary, or unconscionable."  *State v. Maney*, 2013-Ohio-2261, 993 N.E.2d 422, 425, ¶ 17 (3d Dist.), citing *State v. Adams,* 62 Ohio St.2d 151, 157-158, 404 N.E.2d 144 (1980).  Because the trial court is in the best position to resolve the issues of credibility and the weight of the defendant's assertions, we will not substitute our judgment for that of the trial court.  *State v. Liles*, 3d Dist. Allen No. 1-10-28, 2010-Ohio-5799, ¶ 17; *Nathan*, 99 Ohio App.3d at 725.

{¶14} Vassalle asks us to find that the trial court abused its discretion in determining that he had not satisfied his burden of establishing manifest injustice.  Yet, the limited record before us fails to show any abuse of discretion.  The only support for Vassalle's assertions comes from his motions, which are unsupported by any evidence.  We were not provided with the transcripts of the arraignment, the hearing on the motions to withdraw, or the phone call allegedly placed to the

Seneca County Jail by attorney Murray, which apparently were provided to the trial court. In the absence of any evidence to show that the trial court's reasoning was unreasonable, arbitrary, or unconscionable, we must defer to the trial court's discretion.

{¶15} We note that it was Vassalle's obligation to provide us with a sufficient record to review the trial court's findings. App.R. 9(B). The faulty equipment at the Tiffin Municipal Court at the January 3, 2014 hearing, does not excuse Vassalle's obligation. The appellate rules provide for an alternative method of providing a "statement of the evidence or proceedings," when "no recording was made, or when a recording was made but is no longer available for transcription." *See* App.R. 9(B)(4), (C), and (D). Vassalle has not utilized any of the alternative methods for preparation of the transcript. Furthermore, while a transcript of the January 3, 2014 hearing on the motions to withdraw was unavailable due to the faulty equipment, Vassalle does not allege that the transcript from the initial arraignment and the plea hearing was unavailable. Conversely, the statements of both parties in their closing arguments and in their briefs indicate that the recording of the arraignment and plea hearing was available to the parties and the trial court. The parties apparently stipulated to this recording and the trial court had an opportunity to review it prior to issuing its ruling.

{¶16} This case is similar to *State v. Pringle*, 3d Dist. Auglaize No. 2-03-12, 2003-Ohio-4235, where the defendant had "failed to provide transcripts of the

proceedings below, thus we ha[d] no choice but to assume the regularity of the proceedings below and affirm the decision of the trial court" denying his motion to withdraw a guilty plea. ¶ 2. We held,

> Pringle has failed to provide a transcript of the plea hearing in this matter. Both this court and the Ohio Supreme Court have noted that "[w]hen a party seeks an appeal, the appellant bears the burden of demonstrating error by reference to the record of the proceedings below, and it is the appellant's duty to provide the reviewing court with an adequate transcript." App.R. 9 provides the procedure for making the transcript a part of the record. This rule also provides alternatives if a transcript is not available. Thus, this Court "must presume the regularity of the trial court proceedings" in the absence of a complete and adequate record. By failing to file a transcript, Pringle has not demonstrated his claimed errors.

*Id.* at ¶ 10, quoting *State v. Wells*, 3d Dist. Seneca No. 13-02-17, 2002-Ohio-5318, ¶ 5, *and Bd. of Trustees, Sugar Creek Tp. v. Crawford*, 3d Dist. Allen No. 1-01-130, 2002 WL 732129, *2, and citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). *See also State v. Blashaw*, 8th Dist. Cuyahoga No. 98719, 2012-Ohio-6011, *appeal not accepted*, 135 Ohio St.3d 1416, 2013-Ohio-1622, 986 N.E.2d 31, ¶¶ 12-14 (holding that the appellant's failure to provide the reviewing court with a transcript of the plea colloquy required the appellate court to "presume regularity in the trial court's proceedings" and affirm its denial of a motion to withdraw a plea).

{¶17} We further note a distinction of *Pringle* and the current case from the case decided by the Ninth District Court of Appeals, where regularity in the proceedings could not have been presumed from a silent record. *See In re Hoover*,

9th Dist. Summit No. 19284, 2000 WL 1420280 (Sept. 27, 2000). In *Hoover*, appellant was unable to provide the court with the transcript of his plea hearing due to malfunction of the recording equipment. *Id.* at *1. The Court of Appeals refused to presume "the regularity of a lower court's proceedings" at the plea hearing, noting that the case before it

> involve[d] the fundamental constitutional right of a juvenile-defendant's waiver of his right to trial and a silent record. The United States Supreme Court has held that a reviewing court cannot presume that a defendant voluntarily, knowingly, and intelligently entered a plea of guilty from a silent record. *Boykin v. Alabama* (1969), 395 U.S. 238, 242-244, 23 L.Ed.2d 274, 279-280. Because the presumption is against a defendant's waiver of his right to trial, the State bears the burden of overcoming this presumption. *State v. Dyer* (1996), 117 Ohio App.3d 92, 95. "[T]he waiver must affirmatively appear in the record." *Id.,* citing *In re East* (1995), 105 Ohio App.3d 221, 224.

*Id.* at *1. Nevertheless, unlike the defendant in *Hoover*, Vassalle was not prevented from providing the transcript of the initial arraignment and plea hearing. As stated by both parties, and confirmed by the trial court, the record before the trial court was not silent as to whether Vassalle's plea was voluntary, knowing, and intelligent. The trial court was provided with the recording of the arraignment and the plea hearing and thus, the State did not bear the burden of overcoming the presumption against Vassalle's waiver of his right to trial during the hearing on the motion to withdraw. Likewise, we are not required to apply this presumption on appeal.

**{¶18}** The record before us fails to support Vassalle's assertions that the trial court's reasoning was unreasonable, arbitrary, or unconscionable. Accordingly, we overrule the assignment of error and affirm the decision of the trial court to deny Vassalle's motions to withdraw his pleas of no contest.

*Conclusion*

**{¶19}** Having reviewed the arguments, the briefs, and the record in this case, we find no error prejudicial to Appellant in the particulars assigned and argued.  The judgments of the Tiffin Municipal Court in Seneca County, Ohio are therefore affirmed.

*Judgments Affirmed*

**ROGERS and PRESTON, J.J., concur.**

**/jlr**